IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Children of the Court, a non-profit corporation,** and, **Judiciocracy LLC** | ) ) ) |
| *Plaintiffs,* | ) ) ) Case No: 1:25-cv-03387-AMP-GAF |
| v. | ) ) Judge April M. Perry |
| **Attorney Registration and Disciplinary Commission, Lea S. Gutierrez, and Tammy Evans, in their official capacities** | ) ) ) ) |
| *Defendants*. | |

**PLAINTIFFS JUDICIOCRACY LLC'S AND PARTY-IN-INTEREST FOR CHILDREN OF THE COURT**
<u>**DECLARATION OF BRIAN TIMPONE**</u>

I, Brian Timpone, declare and state as follows:

1. I am an adult over the age of 18 years old and reside in Illinois.

2. I am the authorized representative of Judiciocracy LLC ("Judiciocracy"), a member, and have a controlling interest in it – with the acquisition announced on April 1, 2024, effective January 1, 2024.

3. Judiciocracy has been sued in its own name, sued in its own name, made FOIA requests in its name, and receive fee waivers from Cook County Chief Judge Timothy Evans in advance of our public records journalism.

4. The purpose of Judiciocracy LLC is to improve the legal system through media coverage of the goings on therein.

5. I am also the controlling majority interest and chief executive of Locality Labs, LLC, which relates to the formation of Children of the Court.

6. I co-founded Locality Labs, LLC with Edward "Coach" Weinhaus in 2006.

7. I have been a news reporter and, particularly, a public records focused reporter for three decades.

8. Prior to the entity's creation, I first learned of the publications that make up Judiciocracy LLC in December of 2022, in mediation for case in Case # 2016CH07155 Cook County Circuit Court ("The Underlying Case"). The Underlying Case represented a conflict between Mr. Weinhaus and me related to Locality Labs LLC.

9. As opposing parties in that case, we broadly agreed on settlement terms. At that time, we did not address the purchase of the entity that owned the publications that would later become owned by Judiciocracy but broadly understood we would eventually collaborate in growing them.

10. The parties proposed a settlement agreement in the Underlying Case, which included a derivative shareholder settlement to the Court for its review on April 3, 2023. ("Settlement").

11. We could not settle the lawsuit absent the approval of Judge Wilson due to the derivative nature of the litigation pursuant to Delaware Chancery Rule 23.1(d) which requires heightened scrutiny to ensure no undue benefit to one shareholder over another.

12. One of the Settlement terms that would come into effect contingent upon Judge Wilson approving it included the creation of a non-profit run by Mr. Weinhaus, called Children of the Court. The Settlement defines Children of the Court's mission. It states positively that Children of the Court:

> **"will seek to ensure domestic relations judges who have never been a parent or are not part of the foster system are not ruling on issues related to the care of children."**

13. Locality Labs LLC would agree to allow the Court to enforce our funding $100,000 for the endeavor on the condition that Weinhaus not inure private benefit from the organization including our funding. Weinhaus, the other shareholders, and ultimately Judge Wilson agreed.

2

14.     The Hon. Thaddeus L. Wilson approved the Settlement on April 18, 2023 and agreed to enforce the terms of its Settlement, thus creating Children of the Court.

15.     Weinhaus regularly updated me on the progress of Children of the Court, including its website and the hiring of UCLA students who had helped formulate the idea.

16.     In all aspects, I viewed Children of the Court as a joint endeavor as a result of an enforceable *cy pres* settlement in a class action context, overseen and enforced by Judge Wilson, without whose help we may have never settled. But for his approval, Children of the Court would not have been created.

17.     I reviewed the content on the site and found it appropriate for the purpose of reforming the judiciary in the manner we had agreed in the Settlement. I found it very complimentary of Judge Wilson.

18.     At no time was the content on the Children Of The Court website anything other than a product of our joint endeavor, in which Judge Wilson's participation is part of the public record.

19.     Had Judge Wilson asked us, we would likely have altered the content to his liking and ultimately removed one mention of his name when the Defendants requested it.

20.     I compared the language on the Children of the Court website to another similar website from which it drew. It too described court involvement with a settlement with language approved by a former staffer of mine, now a Steptoe and Johnson partner. The language was identical but for the topic – the comparative site did not address judicial reform. Children of the Court does.

21.     Mr. Weinhaus' work for Children of the Court was within the scope of his duties to the organization including as an attorney.

22.     In 2023, we agreed that I would be granted an individual controlling interest in the newly created entity (Judiciocracy LLC) once the publications were transferred into it and we would

3

officially affect the transaction on January 1, 2024 for tax purposes. We agreed that Mr. Weinhaus would continue in his role as he had been performing it and serving as its attorney.

23. In August 2023, Mr. Weinhaus created Judiciocracy LLC and transferred the relevant publications into it which include the nation's largest attorney and judicial misconduct news services in the country, respectively *ALABnews* and *AbusiveDiscretion*.

24. We jointly launched several more publications in 2023 owned by Judiciocracy LLC that were not part of the original list. Mr. Weinhaus kept me abreast of any significant issues at Judiciocracy LLC's publications thereafter. In all content that related to Mr. Weinhaus personally, I advised Judiciocracy LLC for the publications' interests which Mr. Weinhaus served.

25. The ARDC complaint alleges that content in a particular story related to case (Cook County Circuit Court #2016D004685 *Paris v. Paris*) published in December 2023 by *ALABnews* violated the rules for attorneys due to Mr. Weinhaus' role with Judiciocracy LLC within the scope of his duties.

26. I was aware of the story's topic prior to publication and advised Judiciocracy LLC on the key organizational interests, including that Mr. Weinhaus not comment, such that the final story was the organization's story. I verified that the story's contents were truthful to my knowledge and met the company's interests.

27. I also checked the story upon publication and communicated my approval thereafter, several weeks before the ARDC received a complaint about it. I rechecked the facts thereafter and know the story in question to be true insomuch as all the facts that have been presented. I asked Mr. Weinhaus to ask the ARDC what wasn't truthful about it. He expressed that he had done so and did not receive a specific, actionable answer.

28. Were there a factual inaccuracy, Judiciocracy would have and still will change it. If someone wanted to take a different view, Judiciocracy would publish it. If someone felt it needed clarifying, Judiciocracy would examine it.

29. None of those options have ever been presented to Judiciocracy LLC. Even reading the ARDC Complaint against Mr. Weinhaus it is evident that they cannot speak to how the organization published anything false or even worthy of correction. Again, the organization is all ears – send us what is false or what exactly needs to be changed from the perspective of a media entity.

30. I have reviewed the records and state that Mr. Weinhaus was operating well within the scope of his duties to Judiciocracy in pursuing that story and his final involvement in its publication. Apparently, his work on behalf of the organization, then-fulfilling his duties, was so excellent that the organization now faces not only no liability from publishing, but not even an error worth sending in a correction attesting to Weinhaus fulfilling his duties to the Organization, of Competence and Diligence.

31. I have reviewed the disclosure Mr. Weinhaus made for publication within the story and confirm that Mr. Weinhaus' disclosure meets or exceeds the disclosure requirements at any of my publications.

32. Once a disclosure is given, we do not have a problem with a staffer speaking on their own behalf within a story. Mr. Weinhaus made the clear distinction therein by "refus[ing to] comment" in his individual capacity.

33. Since June 2024, after Mr. Weinhaus testified in Springfield at the request of the ARDC as part of their investigation, Mr. Weinhaus has allowed one or more specific stories in the regular coverage beat of Judiciocracy to get "scooped" by other news organizations as a result of

the ongoing ARDC investigation, particularly as it relates to the domestic relations division routinely jailing divorce litigants who can't pay their attorneys.

34. Judiciocracy was unable to get Mr. Weinhaus to be as aggressive in his coverage as he had been prior to the trip to Springfield.

35. In February 2025, Judiciocracy tasked Mr. Weinhaus with investigating new allegations in federal court of lawyer-judge bribery in the Cook County Circuit Court to add to an existing investigation from the Fall of 2023.

36. Mr. Weinhaus dutifully picked up the investigations to merge them together for ground-breaking coverage in the public interest.

37. However, on February 27, 2025, Mr. Weinhaus informed me that he would no longer be able to work on the investigation for fear of disciplinary action as a result of both the incendiary nature of Judiciocracy's findings and the ARDC's notice of intent to pursue charges.

38. The findings directly touch on judicial competence, overreach, and corruption on topics of public interest. Upon information and belief, Mr. Weinhaus is the only person with the knowledge or experience to uncover the story who has the requisite legal experience to navigate the liability to Judiciocracy for exposing the lawyers and judges involved.

39. Further, due to his involvement with Judiciocracy, were we to attempt to publish the story without Mr. Weinhaus, he would likely run afoul of the ARDC anyway requiring even further distancing of our key man.

40. This creates an existential risk for our news business and is immediately harming it.

41. I have verified a Petition to modify our Settlement as it relates to allowing compensation to Mr. Weinhaus for defending Children of the Court's speech and for removing Judge Wilson from the case to avoid in any way damaging the organization from the current posture of the

6

ARDC. Judge Wilson has recused himself from the enforcement and modification in the case that created Children of the Court with his approval.

42. Absent injunctive relief, assigning Judiciocracy's speech to Weinhaus will cause irreparable damage to the organization by robbing it of the efforts of its founder, visionary, and key man – Mr. Weinhaus.

43. Absent injunctive relief, assigning Children of the Court's speech to Weinhaus will cause irreparable damage to the organization by robbing it of the efforts of its founder, visionary, and key man – Mr. Weinhaus and force, at least in spirit, a breach of our agreement. It is preventing our organization from publishing – our main focus – thus restricting our speech.

44. Absent injunctive relief, neither organization can rely on any attorney to perform work for the organizations knowing the ARDC can make it career-threatening for our attorney, denying us access to associate or receive legal counsel other than to not speak.

45. The ARDC has chilled Judiciocracy's speech which cannot again speak fully until this Court enjoins the ARDC from attacking its directors and officers for the speech of Judiciocracy.

46. In fact, recently, Judiciocracy received an exclusive tip of an ARDC complaint filed about the very case the ARDC is now pursuing Mr. Weinhaus over. Mr. Weinhaus refused to publish the story and another member had to do so, only doing so after finding a European journalist with British credentials to review it. The story was edited to ensure it didn't critique the ARDC strongly for fear of retaliation against Mr. Weinhaus at the risk of his quitting or even further breaching his duties while remaining.

47. Judiciocracy is losing out and more importantly, the people of Illinois are losing out on valid criticism of the ARDC, the judiciary, and the legal system as a direct result of the ARDC's chilling actions against our executive and officer, Mr. Weinhaus.

48. Mr. Weinhaus' role cannot be downplayed – an attorney willing to sue judges and sit on a media company's executive team absent Director's and Officer's insurance while covering thousands upon thousands of attorneys and judges caught in ethical snafus. Mr. Weinhaus is a unique talent in covering the judicial system. His activism and unique willingness to devote his time to improvement of the judiciary are matters of the public record. Worse yet, he is unable to "take a deal" with the ARDC due to the personal liability he would then incur on behalf of Judiciocracy's publications.

49. There is no replacement, and certainly not one who could handle multiple attorney bar ethical complaints and personal litigation he suffers from for the actions of Judiciocracy LLC.

50. Our publications work to improve the judicial system – we cannot do it without the services of Mr. Weinhaus.

51. The ARDC seeks to control us by controlling and punishing him.

52. I believe Mr. Weinhaus will not provide evidence in this matter to the Court absent being subpoenaed out of his own respect to the ARDC process and justifiable fear of creating an aggravating factor in their proceeding.

53. I authorized this instant lawsuit without the vote of Mr. Weinhaus.

54. Judiciocracy maintains its rights to pursue Mr. Weinhaus for breach of duties while he caters to the ARDC to serve his own protection rather than our interests.

55. Based on the declaration of directors from Children of the Court, Locality Labs LLC retains its rights to pursue Mr. Weinhaus for breaches of the Settlement for failure to perform his duties to Children of the Court in line with our agreement although we have no desire to do so as we would rather he return to fulfilling his duties to our Settlement.

8

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on April 19, 2025.

   /s/Brian Timpone_____

Brian Timpone