IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHILDREN OF THE COURT and JUDICIOCRACY, LLC<br>  Plaintiffs, | )<br>)<br>) | No. 1:25-cv-03387 |
| v. | )<br>)<br>)<br>) | The Honorable<br>April M. Perry,<br>Judge Presiding. |
| ILLINOIS ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, LEA S. GUTIERREZ, and TAMMY EVANS,<br>  Defendants. | )<br>)<br>)<br>)<br>) | Gabriel A. Fuentes,<br>Magistrate Judge. |

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I. Introduction

Plaintiffs filed a one-count complaint against Defendants the Illinois Attorney Registration and Disciplinary Commission ("ARDC"); Lea S. Gutierrez, the ARDC's Administrator, in her official capacity; and ARDC Senior Counsel Tammy Evans, in her official capacity, alleging that Defendants' disciplinary prosecution of Plaintiffs' "key man," Illinois lawyer Edward Weinhaus, violates Plaintiffs' First Amendment rights. Plaintiffs have also filed a motion for preliminary injunction asking this Court to enjoin the Illinois disciplinary proceedings. On May 6, 2025, Defendants filed their response to that motion.

As explained below, this Court should abstain from adjudicating this matter, as Plaintiffs are attempting to interfere with the ongoing attorney disciplinary proceedings against Mr. Weinhaus, or, alternatively, this Court should dismiss the complaint because: 1) Plaintiffs lack standing to challenge the discretionary decision of the ARDC to pursue allegations that Mr. Weinhaus has engaged in professional misconduct, and 2) Plaintiffs have failed to state a cause of action. In order to give context to Plaintiffs' allegations, brief descriptions of ARDC authority and processes follow.

492593

## II. Authority and Procedures of the ARDC

The Illinois Supreme Court has the inherent power to regulate the admission of attorneys to the Illinois bar and to discipline those attorneys who have been authorized to practice in Illinois. *In re Thomas*, 2012 IL 113035, ¶ 109; *In re Mitan*, 75 Ill. 2d 118, 123 (1979); Ill. S. Ct. Rules 707(j), 779. The Illinois Supreme Court has enacted rules governing the registration and discipline of Illinois attorneys. Ill. S. Ct. Rules 751-80.

The ARDC is the entity created by the Illinois Supreme Court for the purpose of the administrative supervision of the registration of, and disciplinary proceedings affecting, members of the Illinois bar. Ill. S. Ct. Rules 751(a), 752(a). Lea S. Gutierrez, as Administrator of the ARDC, is the principal executive officer of the Commission, having been appointed to that position by the ARDC's Commissioners with the approval of the Illinois Supreme Court. Ill. S. Ct. Rules 751(e)(1), 752.

In Illinois disciplinary proceedings, hearings are held before a panel of the ARDC's Hearing Board, consisting of two lawyers and one non-lawyer, who hear evidence and argument; make findings of fact and conclusions of law; and, if warranted, recommend in a report a quantum of discipline (other than a reprimand) to be imposed by the Illinois Supreme Court. Ill. S. Ct. R. 753(c); ARDC Rule 201. Hearing Board members are volunteers appointed by the ARDC's Commissioners. Ill. S. Ct. R. 753(c)(1).

If either party to a disciplinary hearing disagrees with the Hearing Board's report and recommendation in the case, it may appeal to the ARDC's Review Board. The Review Board sits in panels of three lawyer members and reviews the Hearing Board's findings of fact, conclusions of law, and recommendation for discipline (if any). Ill. S. Ct. R. 753(d). The Review Board, like the Hearing Board, will issue a report after considering the case. Ill. S. Ct.

R. 753(d)(3). Review Board members are volunteers appointed by the Illinois Supreme Court. Ill. S. Ct. R. 753(d)(1).

If either party disagrees with the Review Board's report, it may file a Petition for Leave to File Exceptions ("PLE") with the Illinois Supreme Court, which document is in the nature of an appellate brief, and which must include argument as to how and why that party believes the Review Board erred in its decision. Ill. S. Ct. Rules. 753(e)(1), (2), (3). The opposing party may, if it chooses, file an Answer to the PLE. Ill. S. Ct. R. 753(e)(4). If the Illinois Supreme Court allows exceptions to a Review Board's report it may, among other things, "enter a final order as recommended by the Review Board or as otherwise determined by the court." Ill. S. Ct. R. 753(e)(5)(a)(A). The Illinois Supreme Court may impose varying degrees of discipline ranging from reprimand to disbarment. Ill. S. Ct. R. 770.

### III. Background of Plaintiffs' Complaint

Plaintiff Children of the Court alleges that it is a Missouri non-profit corporation that helps adults whose parents went through divorces when those adults were children. Cmplt. at 1. Judiciocracy, LLC alleges that it is a Missouri limited liability company responsible for news publications including *ALABnews* and *AbusiveDiscretion*. Cmplt. at 1-2. Illinois attorney Edward Weinhaus is alleged to be the "key man" for the two Plaintiffs. Cmplt. at 3.

Mr. Weinhaus is currently the subject of a formal disciplinary complaint filed by the ARDC on April 3, 2024, a copy of which is attached as Exhibit 1.[1] The disciplinary complaint alleges that Mr. Weinhaus is the Chief Executive Officer of Judiciocracy and reviews all content

---

[1] This Court may consider the disciplinary complaint filed against Mr. Weinhaus in determining whether the Court should abstain and whether this Court has subject matter jurisdiction over the case. *See Miller v. Balterman*, No. 18-cv-4353, 2018 U.S. Dist. LEXIS 208730, at *1 n.1 (N.D. Ill. Dec. 11, 2018) ("The Court may take judicial notice of matters of the public record, including court records, on a motion to dismiss brought under Rule 12(b)(1) or an abstention doctrine.") Although Plaintiffs attached to their Memorandum in Support of Motion for Preliminary Injunction a copy of the disciplinary complaint filed against Mr. Weinhaus, Defendants have also appended the disciplinary complaint to this memorandum.

before it is published on the *ALABnews* news website. Ex. 1 at 1.

The disciplinary complaint alleges that Cook County Circuit Court Judge Regina Scannicchio presided over a domestic relations matter involving Mr. Weinhaus and his former spouse between October 7, 2015, and September 23, 2022. Ex. 1 at 2. The disciplinary complaint further alleges that Mr. Weinhaus settled an unrelated case before Cook County Circuit Court Judge Thaddeus Wilson for the sum of $6,000,000 and that Judge Wilson signed the settlement order. Ex. 1 at 2. The disciplinary complaint further alleges that Mr. Weinhaus used that sum of money to create Plaintiff Children of the Court, which advocates that judges who have never been parents or are uninvolved in the foster care system should not make decisions on parental issues in family law cases. Ex. 1 at 2. The disciplinary complaint further alleges that Mr. Weinhaus, on April 18, 2023, caused a website to be created for Children of the Court that included a webpage entitled "Team" on which he posted a picture of Judge Wilson above the term "Nationwide Enforcer" and a biography that read:

> Although he sits on a bench in Cook County, Illinois, his order has created a national organization, advocating in every state. Judge Wilson is responsible for enforcing the funding of Children of the Court pursuant to his April 18, 2023 order in Cook County.

Ex. 1 at 2-3.

The disciplinary complaint further alleges that the statements about Judge Wilson on the website, that he was a nationwide enforcer for Children of the Court and a member of its team, were false; that Mr. Weinhaus knew they were false and caused their placement on the website; and that the statements concerned Judge Wilson's impartiality, and thus his qualifications and integrity, which violated Illinois Rules of Professional Conduct 8.2(a) (a lawyer shall not make a false statement or make a statement with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge) and 8.4(c) (a lawyer shall not engage in conduct

4

involving dishonesty, fraud, deceit, or misrepresentation). Ex. 1 at 3-5.

The disciplinary complaint further alleges that, on December 12, 2023, Mr. Weinhaus caused an article to be posted on the *ALABnews* website titled, "Breaking: Dastardly Chicago Divorce Attorneys Hurst Robin Kay & Allen Have Own Client Thrown in Jail According to Legal News Journal." Ex. 1 at 3. The disciplinary complaint further alleges that the article included the following statement:

> In an unprecedented "slam" on a fellow judge, another Cook County judge and leader the Hon. Thaddeus L. Wilson immediately ordered an organization be started to keep judges like [Judge Regina] Scannicchio away from cases involving children.

Ex. 1 at 3. The disciplinary complaint further alleges that the above statement also violates Illinois Rules of Professional Conduct 8.2(a) and 8.4(c) because Judge Wilson did not immediately order an organization be started to take any action against Judge Scannicchio, Judge Wilson did not order any organization to take action against Judge Scannicchio or any other judge, Judge Wilson has no involvement in Children of the Court, Mr. Weinhaus knew that the statement was false or made it with reckless disregard for its truth or falsity, and the statement concerns the qualifications and integrity of Judges Wilson and Scannicchio. Ex. 1 at 3-4.

The disciplinary proceedings against Mr. Weinhaus are currently ongoing.

Plaintiffs allege that, by virtue of Defendants' prosecuting Mr. Weinhaus for the specific statements outlined above, Defendants are impairing Plaintiffs' ability to operate, in violation of the First Amendment. Cmplt. at 15.

IV. Argument

A. Abstention Is Appropriate Here

As a preliminary matter, this Court should abstain from deciding Plaintiffs' case in order to avoid federal interference with the attorney disciplinary proceedings currently pending against Mr. Weinhaus before the ARDC's Hearing Board.

The United States Supreme Court has made clear that a federal court appropriately abstains from interfering with an ongoing state matter where the matter is a judicial proceeding, where the proceeding implicates important state interests, and where the state affords an adequate opportunity to raise constitutional challenges. *Middlesex Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). Once these three conditions are met, "abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). Even if a federal plaintiff is not a defendant in the state court proceedings, abstention is still appropriate when the principles of equity, comity, and federalism are implicated in the case. *SKS & Assoc. v. Dart*, 619 F.3d 674 (7th Cir. 2010). When a plaintiff comes to federal court with a constitutional claim for equitable relief that seeks to have the federal court tell a state court how it should manage its case adjudication, a decision in federal court would "run contrary to the 'vital' considerations of comity and federalism and would be inconsistent with 'the traditional reluctance of a federal court to meddle in state court proceedings.'" *SKS & Assoc.*, 619 F.3d at 679, *quoting New Orlean Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364, and *Pugach v. Dollinger*, 365 U.S. 458, 462 (1961).

It is well established that an Illinois attorney disciplinary proceedings are judicial proceedings and that important state interests are implicated by such proceedings. *See Storment*

*v. O'Malley*, 938 F.2d 86, 89 (7th Cir. 1991) ("Given the elaborate procedure established by the Illinois Supreme Court for disciplining attorneys, including extensive hearings and review by the supreme court, [Illinois attorney disciplinary] proceedings are clearly judicial in nature."); *Levin v. ARDC*, 74 F.3d 763, 766 (7th Cir. 1996); *Greening v. Moran*, 953 F.2d 301, 304 (7th Cir. 1992); *Middlesex*, 457 U.S. at 433-34 (finding it "clear beyond doubt" that state supreme court's attorney discipline processes and procedures are "judicial in nature").

Moreover, Illinois attorney disciplinary proceedings involve an important state interest. "Illinois, like all states, has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses . . . regardless of the scope of the federal suit which seeks to enjoin the state proceedings." *Storment*, 938 F.2d at 89.

Further still, "[c]ase law clearly establishes that an attorney may challenge the constitutionality of ARDC disciplinary proceedings within the proceedings themselves, before the Illinois Supreme Court and ultimately by the United States Supreme Court." *Cleveland v. ARDC*, No. 95 C 5775, 1996 U.S. Dist. LEXIS 13198 at *13 (N.D. Ill. Sep. 5, 1996), *citing In re Samuels*, 126 Ill. 2d 509, 523-24 (1989). The Illinois Supreme Court rules pertaining to attorney disciplinary proceedings also provide a respondent in a disciplinary proceeding with the ability to raise any constitutional challenges. *Peterson v. United States*, No. 02 C 5996, 2003 U.S. Dist. LEXIS 15299 at *9 (N.D. Ill. Aug. 28, 2003). Not only can a respondent raise constitutional challenges during the hearing phase of a disciplinary matter, but once the ARDC's Hearing Board files a report and recommendation, the respondent may raise constitutional challenges to the Hearing Board's decision before the ARDC's Review Board. The respondent may also raise such challenges before the Illinois Supreme Court on exceptions to the Review Board's report and recommendation. The fact that "review by the Illinois Supreme Court is discretionary or

7

unsuccessful does not mean that" a respondent has not been afforded an opportunity to present his or her constitutional challenges. *Peterson*, at *9. *See also Hunter v. Va. State Bar*, 786 F. Supp. 2d 1107 (E.D. Va. 2011) (federal court abstained from intervening in pending state bar disciplinary hearing and dismissed federal case attorney brought against Virginia State Bar, which had filed disciplinary complaint against attorney for failing to post disclaimer on law firm website; attorney alleged in federal court that disclaimer violated his First Amendment rights and asked federal court to enjoin pending disciplinary hearing).

Here, by asking this Court to find that the alleged false statements are not Mr. Weinhaus' but should, instead, be attributed to Plaintiffs, and by seeking to have this Court enjoin the ARDC from prosecuting the allegations of attorney misconduct against Mr. Weinhaus, Plaintiffs are asking this Court to directly interfere with the ongoing Illinois attorney disciplinary proceedings against Mr. Weinhaus, obstruct the fact-finding process in those proceedings, and hamstring the Illinois Supreme Court's vital interests in maintaining the integrity of the legal profession in Illinois. In the pending disciplinary proceeding, Mr. Weinhaus has the opportunity to raise any defense against the charges that he chooses, including any constitutional argument or arguments that he is not responsible for the statements that are the subject of the disciplinary complaint. Plaintiffs have identified no extraordinary reasons making abstention improper. *Compare Dombrowski v. Pfister*, 380 U.S. 479, 482-86 (1965) (federal court would adjudicate claims challenging state court procedures because there was sufficient reason to question good faith of certain actors in state judicial system as to plaintiffs' claims). Under such circumstances, abstention is appropriate and warranted here.

B.  Plaintiffs Lack Standing to Complain About the ARDC's Prosecutorial Discretion

Even if this Court were to decline to abstain, it should dismiss Plaintiffs' complaint

8

pursuant to Federal Rule of Civil Procedure 12(b)(1), because Plaintiffs lack standing to ask this Court to bar the ARDC from prosecuting allegations that Mr. Weinhaus engaged in misconduct. "On a motion to dismiss under Rule 12(b)(1), the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).

The need for a litigant to have standing to invoke the jurisdiction of the federal courts is a requirement of constitutional and jurisdictional dimension. *Allen v. Wright*, 468 U.S. 737, 750-52 (1984). For standing to exist, the plaintiff must demonstrate an "injury in fact," meaning "an invasion of a legally protected interest which is concrete and particularized, and actual and imminent," a causal connection between the injury and the conduct complained of, and that the injury likely will be redressed by the requested relief. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). Each element "must be supported by more than unadorned speculation." *Plotkin v. Ryan*, 239 F.3d 882, 885 (7th Cir. 2001). "It is not enough that [plaintiff] claims to have been injured by the defendant's conduct"; instead, "[t]he alleged injury must be legally and judicially cognizable." *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 753 (7th Cir. 2007). The requirement of standing is not excused in actions seeking declaratory or injunctive relief. *See Geisha, LLC v. Tuccillo*, 525 F. Supp. 2d 1002, 1009-10 (N.D. Ill. 2007); and *Pomozal v. City of Highland Park*, No. 00 C 7472, 2003 U.S. Dist. LEXIS 26052, at *32-33 (N.D. Ill. Mar. 7, 2003).

Plaintiffs complain about the ARDC's prosecution of Mr. Weinhaus, and his subsequent decision to pull away from controlling Plaintiffs' operations, as the basis of their purported injury. However, it is a matter of clearly established law that "a citizen lacks standing to contest

9

the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution," and that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Judge Easterbrook noted that *Linda R.S.*'s holding "is a limit on standing; *Linda R.S.* holds that there is no justiciable controversy, which knocks out *all* substantive legal theories," and that the plaintiff in that case "needs to show how he was injured by what the defendants did to him, rather than by what they didn't do to other people or what they didn't do *for* him." *Del Marcelle v. Brown County Corp*, 680 F.3d 887, 901 (7th Cir. 2012) (Chief Judge Easterbrook concurring – emphasis in original). *See also Manning v. Mun. Ct. of Roxbury Dist.*, 361 N.E.2d 1274, 1276-77 (Mass. 1977) ("The plaintiff has no constitutional right to direct the conduct of a public prosecutor.").

      More specifically, courts that have addressed the issue have uniformly concluded that a member of the public has no standing to challenge an attorney disciplinary agency's decision regarding whether to prosecute an attorney. *See, e.g., Peterson v. U.S.*, No. 02 C 5996, 2002 U.S. Dist. LEXIS 19247 (N.D. Ill. Oct. 3, 2002) (concluding that plaintiff was not entitled to any order compelling investigations by the ARDC); *Smith v. Shook*, 237 F.3d 1322, 1324-25 (11th Cir. 2001) (holding that plaintiff lacked standing to challenge State Bar Deputy General Counsel's decision not to prosecute plaintiff's former attorney). As Plaintiffs are not the subject of the disciplinary complaint, they have no cognizable interest in the outcome of the disciplinary proceedings. Accordingly, Plaintiffs lack standing to seek an injunction against the ARDC's prosecution of Mr. Weinhaus.

      Similarly, Plaintiffs lack standing under the Declaratory Judgment Act, because Plaintiffs and Defendants do not have adverse legal interests. The Declaratory Judgment Act provides that

"[i]n a *case of actual controversy* within its jurisdiction," a district court "*may declare* the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Because "it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action." *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990) Consequently, "the Act does not allow a stranger to intended litigation to use a declaratory judgment action as a vehicle to create a cause of action for which it has no legal liability." *Collin Cty.*, 915 F.2d at 172.

There are no adverse legal interests here between Plaintiffs and Defendants. Plaintiffs seek to preclude the ARDC from prosecuting Mr. Weinhaus for allegations of attorney misconduct, allegations that he knowingly or recklessly made certain false statements impugning the integrity of two judges. As the disciplinary complaint clearly demonstrates, the ARDC's proceedings have not been brought against Plaintiffs, nor could they have been since Plaintiffs are non-lawyer entities and the Rules of Professional Conduct apply to lawyers. *See People ex rel. Brazen v. Finley*, 119 Ill. 2d 485, 494 (1988) ("[T]he power to prescribe rules governing attorney conduct, and to discipline attorneys for violating those rules, rests solely in [the Supreme C]ourt.") Permitting Plaintiffs' declaratory judgment action to proceed would, in effect, permit Mr. Weinhaus to obtain a determination of the validity of a potential defense in his pending disciplinary matter. That is not the purpose of the Declaratory Judgment Act. *See Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969). This Court should therefore dismiss Plaintiff's complaint with prejudice.

C.  Plaintiffs Have Not Stated a Claim Upon Which Relief Can Be Granted

Further, even if Plaintiffs have standing, this Court should dismiss Plaintiffs' complaint pursuant to Federal Rule 12(b)(6), because they have failed to show that any protected speech, by anyone, is being targeted by the ARDC. A motion pursuant to Rule 12(b)(6) challenges the sufficiency of the complaint as failing to state a claim upon which relief may be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although a complaint subject to a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Court need not give credence to legal conclusions or unsupported conclusions of fact, including allegations concerning the Defendants' intent. *Homan Mfg. Co. v. Russo*, 233 F.2d 547, 550 (7th Cir. 1956).

"To prevail in a First Amendment case, the plaintiff must first show that protected speech is being restricted." *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 438 (7th Cir. 2005). The ARDC's disciplinary complaint alleges, very narrowly, that Mr. Weinhaus made, or caused to be made, on platforms he controls, two false statements about judges knowing that the statements were false or with reckless disregard as to their truth or falsity. Plaintiffs' vague and conclusory insinuations that the ARDC is seeking to squelch any criticism of the Illinois judicial system find no support in the disciplinary complaint. Nor do Plaintiffs set forth any specific statements in their complaint that the ARDC is allegedly targeting.

"It is well established that statements critical of public officials that are made 'with knowledge of their falsity or in reckless disregard of whether they are true or false' are not protected by" the First Amendment. *Notopoulos v. Statewide Grievance Comm'n*, 890 A.2d 509, 519 (Conn. 2006), *quoting Garrison v. Louisiana*, 379 U.S. 64, 78 (1964). False statements do

12

not deserve constitutional protection because "[s]uch speech is not beneficial to the public and is generally harmful to the person against whom it is directed." *In re Donohoe*, 580 P.2d 1093, 1097 (Wash. 1978). The way that a state successfully navigates the competing interests of an attorney's right to free political speech and a state's right to regulate attorney conduct is by prohibiting attorneys from making false statements with knowledge of their falsity or with reckless disregard of the statements' truth. *Dowling v. Ala. State Bar*, 539 So.2d 149 (Ala. 1988). *See also In re Palmisano*, 70 F.3d 483, 487 (7th Cir. 1995) ("the Constitution does not give attorneys the same freedom as participants in political debate"); *In re Harrison*, 06 CH 36 (Review Bd., Oct. 14, 2008) at 5, *approved and confirmed*, No. M.R. 22839 (March 16, 2009) ("[T]he established law [is] that the First Amendment does not protect false statements or those made with reckless disregard for the truth [and] [i]t is equally well-established that, when it comes to ethical obligations, lawyers do not enjoy the same First Amendment freedoms as private citizens."). The ARDC's disciplinary complaint clearly sets forth the two statements at issue, and that complaint is the only basis Plaintiffs have to assert that the ARDC is attempting to restrain them from publishing material critical of the Illinois courts. Plaintiffs' conclusory insinuations of vindictiveness or overreaching by the ARDC find no support in the disciplinary complaint. As such, Plaintiffs have failed to show that any protected speech is being targeted by the ARDC, warranting the dismissal of their complaint with prejudice.

Additionally, while courts have recognized a right of association to engage in activities protected by the First Amendment, *Marshall v. Town of Merrillville*, 228 F. Supp. 3d 853, 863 (N.D. Ind. 2017), an attorney's making false statements or making statements with reckless disregard as to their truth or falsity, as noted, is not protected by the First Amendment. The ARDC's action does not prevent Mr. Weinhaus or any other attorneys from posting information

13

about judges on Plaintiffs' platforms that is not knowingly false or that is not made with reckless disregard as to truth or falsity. Any decision by Mr. Weinhaus to refrain from further participation with Plaintiffs is Mr. Weinhaus' decision and is incidental to the disciplinary proceedings that have been initiated against him. *See Westcott v. Grice*, 375 F. Supp. 569, 572 (D. Mass. 1974) ("Federal injunctive relief is not justified if the injury threatened is no more than that incidental to every criminal proceeding prosecuted in good faith.") Plaintiffs' attempt to blunt the disciplinary proceedings through a First Amendment claim in this Court, if successful, would bar the ARDC from prosecuting allegations of lawyer misconduct and undermine the power the Illinois Supreme Court to regulate its state bar membership even though that "power has been repeatedly recognized and upheld by the courts." *Russell v. Hug*, 275 F.3d 812, 822 (9th Cir. 2002). Further, because the disciplinary charges have yet to be considered by the Hearing Board, it is not certain that Mr. Weinhaus will, in fact, be found that have made statements in violation of the Rules of Professional Conduct. Nor is it imminent that he will be disciplined for engaging in such conduct. Granting Plaintiffs' request for injunctive relief would improperly allow Plaintiffs to direct how the ARDC enforces the Illinois Rules of Professional Conduct.

## V.     Conclusion

Defendants submit that Plaintiffs' lawsuit is an attempt by their "key man," Mr. Weinhaus, to derail his disciplinary proceedings. The ARDC does not seek to stop the Plaintiffs from advocating for what they feel would be a fairer Illinois judiciary and acknowledges that it has no power to do so. That Mr. Weinhaus has apparently decided to remove himself from Plaintiffs' activities going forward was his own decision, and the ARDC had no role in his making that decision. Mr. Weinhaus has every opportunity to defend himself in the disciplinary

proceedings, and Plaintiffs have presented this Court with no viable reason why they would have standing to enjoin those proceedings despite the well-settled law that a member of the public lacks standing to control the decisions of prosecutors. The ARDC Defendants ask that this Court dismiss Plaintiff's complaint with prejudice.

        Respectfully submitted,

Defendants Attorney Registration and Disciplinary Commission, Lea S. Gutierrez, and Tammy Evans,

| | |
|---|---|
| By: /s/ Steven R. Splitt<br>Steven R. Splitt, #6202897<br>ssplitt@iardc.org<br>Attorney Registration and<br>Disciplinary Commission<br>130 East Randolph Drive, #1500<br>Chicago, IL 60601<br>(312) 565-2600 | /s/ Benjamin L. Boroughf<br>Benjamin L. Boroughf, #6317848<br>bboroughf@iardc.org<br>Attorney Registration and<br>Disciplinary Commission<br>130 East Randolph Drive, #1500<br>Chicago, IL 60601<br>(312) 565-2600 |

4925-6898-2335, v. 1