IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Children of the Court, a non-profit corporation,** and, **Judiciocracy LLC** <br><br> *Plaintiffs*, <br><br> v. <br><br> **Attorney Registration and Disciplinary Commission, Lea S. Gutierrez, and Tammy Evans, in their official capacities** <br><br> *Defendants*. | Case No: 1:25-cv-03387-AMP-GAF <br><br> Judge April M. Perry |

## RULE 11 MOTION FOR SANCTIONS AGAINST DEFENDANTS

TO THE HONORABLE COURT:

COMES NOW Plaintiffs Children of the Court and Judiciocracy LLC, by undersigned counsel and most respectfully states, alleges, and prays as follows:

### I. INTRODUCTION

1. On June 20, 2025, undersigned counsel sent to Defendants' Counsel a version of the instant Motion For Sanctions (then including other relief in the Alternative) under FRCP Rule 11(b), and a demand that Defendants cure the errors by withdrawing its statement in its Motion to Dismiss (ECF #29) referring to Defendants' disciplinary complaint (ECF #29-1). On June 26, 2025, Plaintiffs included a fairly similar version of the Instant Motion by way of Exhibit to its Response to the Motion to Dismiss, particularly focused on the Rule 12(d) implications of the allegations herein giving Defendants further opportunity to respond. (ECF #40-1).

2. On July 9, 2025, Defendants stated they would not take the desired action required under the rules. See Exhibt 1. This Motion follows:

1

**FACTUAL ALLEGATIONS**

3. Defendants, the ARDC, Lea Gutierrez, Tammy Evans in their official capacity and through counsel intentionally, maliciously and with the sole intention to harass Plaintiffs, without any basis in facts or law, put forth an argument before this Court that is both outside of the requirements of law and would have been impossible for Plaintiffs to achieve, had it been allowable.

4. It did so intentionally. It is not fathomable that the prosecuting attorneys of the state's top disciplinary body are so careless to not know when the Complaint in this case was filed (ECF #1 – 3/30/25), preceding their own disciplinary action by nearly a week. ECF #29-1.

5. Therefore, it is not possible for Plaintiffs to have addressed the allegations inside the disciplinary complaint or to even address it earlier-in-time appropriate for a motion under Rule 12(b)(6), or to insert those later-factual assertions in lieu of the Complaint's allegations.

6. Nonetheless, the state's "foremost authority" on Illinois attorney discipline (giving proper equity and comity to the Illinois Supreme Court's choice that is) made the following statement:

> The ARDC's <u>disciplinary complaint</u> clearly sets forth the two statements at issue, and <u>that complaint is the only basis</u> Plaintiffs have to assert that the ARDC is attempting to restrain them from publishing material critical of the Illinois courts. Plaintiffs' conclusory insinuations of vindictiveness or overreaching by the ARDC find no support in the <u>disciplinary complaint</u>.

7. The Defendants assert that the Plaintiffs have not alleged that anything related to the <u>interpretation</u> of the *later-filed* disciplinary complaint is alleged in the *prior-filed* Complaint in place of all allegations in the Complaint. Such an assertion is worthy of sanction for the reasons set forth below. As such, Plaintiffs requested Defendants voluntarily strike any reference to the

<u>interpretation</u> of later-filed disciplinary complaint (which, if the instant Motion is being filed, they have refused).

8. In the alternative, should the references to the <u>interpretation</u> of the later-filed disciplinary complaint not be stricken, Defendants contend that the allegations in their disciplinary complaint can only be read one way – the way Defendants want it to be read, rather than by the allegations in the Complaint.

## II. APPLICABLE LAW

A) Federal Rule of Civil Procedure Rule 11

The requirements of Rule 11 of FRCP are well known. These are:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4)…(c) SANCTIONS.
>>
>> (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>>
>> (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served

3

> under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Courts are to review arguments that rely on "time travel" in Rule 11 motions. *See Nisenbaum v. Milwaukee County*, 333 F.3d 804, 811 (7th Cir. 2003) ("…judge committed a legal error in declining to consider defendants' request under Rule 11" when arguments that would require "time travel"). A district court may not rely on the interpretations of materials outside of the pleadings to resolve *disputed* matters as alleged in a complaint leading to dismissal on a 12(b)(6) motion. The Court cannot resolve factual disputes and interpretations against those of the Plaintiff at the pleading stage based on those disputed matters. *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280-81 (7th Cir. 1986) (requiring potentially disputed material issue of fact to justify reversal of dismissal for failure to give proper notice).

### III. BRIEF ARGUMENT & CONCLUSION

Defendants well-knew when they filed their motion to dismiss that two things were true:

a) The Complaint *could not* have pointed to or even addressed the specific content and interpretations in the disciplinary complaint because it didn't then exist when this Complaint was filed; and

b) The Complaint could not reference any actual disciplinary complaint for incorporation by reference or judicial notice because it didn't then exist nor could its assertions be used to rebut the Complaint's truthfulness because those are matters of dispute.

Defendants nonetheless rest one third of their motion – the 12(b)(6) section to use their own promoted interpretations of the disciplinary complaint to rebut the truthfulness of the allegations of the Complaint. The Defendants assert in footnote 1, that the Court may use the

4

disciplinary complaint for a FRCP 12(b)(1) motion, they have nonetheless wrongfully inserted it into their 12(b)(6) portion of their motion. ECF #29 pg. 3 fn. 1; pg. 13. This is entirely improper.

It is a violation of Rule 11 Sanctions to measure Plaintiffs by what they did or didn't assert related to a document that wasn't then in existence at the time of the filing of the Complaint. <u>Plaintiffs do judicial reform, not time travel</u>[1]. *Nisenbaum* at 811. The Defendants may have included the document to take note of its existence (i.e. to prove that indeed they did continue to harass Plaintiffs by ignoring Plaintiffs' speech rights, which it likely does), but has instead used its assertions to rebut the factual assertions and interpretations of the Complaint most favorable to Plaintiffs on an *ex post facto* basis. That is to say, that the Defendants are also arguing that they can later-act to stop this action, which is a naked attempt at both gamesmanship and interference.[2] As such, the references to the interpretations of the later-filed disciplinary complaint in the Rule 12(b)(6) portions of the Motion to Dismiss should be stricken and the Defendants along with their counsel should be sanctioned for requiring "Plaintiff Time Travel" or to attempt to improperly assert Rule 12(b)(6) by their own *unexamined* interpretations of the content of their disciplinary complaint.

**WHEREFORE,** Plaintiffs respectfully pray as follows:

a. The Court enter the appropriate findings required to sanction Defendants;

b. The Court award sanctions in the form of all attorneys' fees and expenses incurred by Plaintiffs through counsel for the time spent addressing Defendants' 12(b)(6) argument and the filing of this Motion;

c. For such other further relief as is deemed equitable and just.

Dated: July 15, 2025                                  Respectfully Submitted:

---

[1] It is also improper to suggest in a Rule 12(b)(6) motion that Defendants get to choose what Plaintiffs may argue as they have done, but that's likely *hubris* or arrogance towards this Court, not an assault on the Plaintiffs.

[2] More arrogance towards this Court, expecting its compliance with "comity."

5

*s/ Antonio Valiente*
Antonio Ernesto Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, PR 00901
Tel: (787) 782-9544
Email: lcdoavaliente@live.com

6

## CERTIFICATE OF SERVICE

I, Antonio Ernesto Valiente-Rivera, do hereby certify that I have caused the above to be filed in the Court's ECF system.

Stephen Splitt, Richard Gleason and Benjamin Boroughf
130 East Randolph Drive,
Chicago, Illinois 60601

Defendants' Attorneys

                                              *Antonio Valiente*
                                  Antonio Ernesto Valiente-Rivera
                                  N.D. Ill. Gen. Bar No.: 12326
                                  Torre de La Reina - Suite 203
                                  450 Avenida de La Constitucion
                                  San Juan, PR 00901
                                  Tel: (787) 782-9544
                                  Email: lcdoavaliente@live.com