IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHILDREN OF THE COURT and JUDICIOCRACY, LLC, <br>     Plaintiffs, <br><br> v. <br><br> ILLINOIS ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, LEA S. GUTIERREZ, and TAMMY EVANS, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:25-cv-03387 <br><br> The Honorable <br> April M. Perry, <br> Judge Presiding. <br><br> Gabriel A. Fuentes, <br> Magistrate Judge. |

### RESPONSE TO PLAINTIFFS' RULE 11 MOTION FOR SANCTIONS AGAINST DEFENDANTS

Plaintiffs filed a one-count complaint against Defendants the Illinois Attorney Registration and Disciplinary Commission ("ARDC"); Lea S. Gutierrez, the ARDC's Administrator, in her official capacity; and ARDC Senior Counsel Tammy Evans, in her official capacity, alleging that Defendants' disciplinary prosecution of Plaintiffs' "key man," Illinois lawyer Edward Weinhaus, violates Plaintiffs' First Amendment rights. Plaintiffs also filed a motion for preliminary injunction asking this Court to enjoin the Illinois disciplinary proceedings and a motion seeking a protective order preventing the ARDC from using Mr. Weinhaus' participation in these federal proceedings as aggravating evidence in his disciplinary proceedings.

On May 20, 2025, Defendants filed a motion to dismiss Plaintiffs' complaint with prejudice. On May 28, 2025, after a hearing, this Court denied Plaintiffs' requests for a preliminary injunction and a protective order. Defendants' motion to dismiss is fully briefed.

Plaintiffs have now filed a motion seeking sanctions under Federal Rule of Civil Procedure ("FRCP") 11(b). For the reasons that follow, Plaintiffs' motions should be denied.

492593

Plaintiffs claim that this Court should sanction Defendants because Defendants referred to the ARDC disciplinary complaint against Edward Weinhaus in the portion of their memorandum in support of their motion to dismiss arguing that Plaintiffs failed to state a cause of action pursuant to FRCP 12(b)(6). Plaintiffs filed their federal complaint on March 30, 2025. Doc. # 1. The ARDC disciplinary complaint was filed four days later, on April 3, 2025. Doc. # 29-1. Plaintiffs argue that it was sanctionable for Defendants to ask this Court to review the latter-filed disciplinary complaint when determining whether Plaintiffs had stated a valid claim for relief in their earlier-filed federal complaint.

There is an immediate problem with Plaintiffs' motion. FRCP 11(c)(2) provides that a motion for sanctions is not "to be filed or presented to the court" if the challenged claim is withdrawn or amended within 21 days after notice of the purported sanctionable conduct. Here, Plaintiffs' counsel e-mailed Defendants' counsel on June 20, 2025, serving notice that the sanctions motion would be filed in 21 days (on July 11, 2025) unless Defendants removed mention of the disciplinary complaint from the memorandum in support of their motion to dismiss. Doc. # 41-1. Just six days later, though, on June 26, 2025, Plaintiffs attached their motion for sanctions to the response they filed to Defendants' motion to dismiss. Doc. # 40 at 19. That action is inconsistent with the requirements of FRCP 11(c)(2).

At any rate, no sanctions are appropriate here. Plaintiffs' federal complaint repeatedly alleges that Defendants were going to interfere with Plaintiffs' First Amendment rights by charging Mr. Weinhaus with professional misconduct. *See* Doc. # 1 at 2 ("Now, Defendants intend to use their formal charging powers against Plaintiffs' key man for conduct of Plaintiffs and, as a result, interfere with their protected speech."); Doc. # 1 at 9 (" . . . the ARDC announced that it sought to start the process to bring an official charge against Weinhaus

2

("CHARGE PURSUIT") for the purpose of stifling the speech and activities of the Plaintiffs.") ("Upon learning of the CHARGE PURSUIT, Weinhaus immediately ceased his reporting work for Judiciocracy resulting in a harm to the organization and its publications."); Doc. # 1 at 15 ("Defendants have conceded that their actions are exclusively for the speech of the Plaintiffs by including only Plaintiffs' speech in their charges pursuit . . . ."); Doc. # 1 at 16 ("The charges pursuit is flagrantly and patently violative of express constitutional provisions.").

In other words, Plaintiffs filed a lawsuit alleging that Defendants imminently were going to prosecute their "key man" and, although Plaintiffs did not know what the charges would be, they claimed they would violate Plaintiffs' rights. Four days later, Defendants filed their disciplinary complaint against Mr. Weinhaus, spelling out the charges. It makes sense that, in determining whether Plaintiffs have stated a cause of action, the ARDC's actual disciplinary charges, rather than what Plaintiffs feared the charges might be, should be the focus of this Court's analysis.

Plaintiffs citation to *Nisenbaum v. Milwaukee Cty*, 333 F.3d 804 (7th Cir. 2003), does not support any sanctions here. In *Nisenbaum*, a former county security supervisor lost his job and sued a number of persons connected with the county claiming that he was fired because he ran for public office. He lost both his lawsuits and the election. The defendants moved for sanctions for various reasons, one of which was that the budget that eliminated the supervisor's job (but which allowed him to again seek it in an open competition) was created two months before the supervisor announced his campaign, and the supervisor repeatedly maintained, despite this fact, that his campaign was the sole reason for his firing. The court stated, "Time's arrow points in one direction; the reason [for the firing] had to be some event preceding the budget's preparation" and "No reasonable jury could find that the real reason for a decision taken in June

3

was a political campaign launched in August." *Nisenbaum*, 333 F.3d at 807.  The court affirmed the judgments on the merits for the defendants but remanded for a full hearing on the sanctions issues, including the "impracticality of time travel" that rendered the lawsuit frivolous. *Nisenbaum*, 333 F.3d at 810-11.

Mr. Nisenbaum was to be sanctioned for, among several other things, insisting that his termination was due to an event that, under the circumstances, was impossible, and never could have been possible, time-wise.  In contrast, in this case, Plaintiffs' complaint centered on an ongoing disciplinary investigation that either was going to be closed or was going to culminate in a disciplinary complaint.  Either event would be relevant for this Court to examine in determining whether Plaintiffs stated a cause of action.  That Plaintiffs filed their federal complaint during the course of the disciplinary investigation made it inevitable that this Court would, at some juncture, have to consider what happened at the disciplinary investigation's conclusion.

The case of *Brown v. Newey*, No. 1:21-cv-00154-JNP-CMR 2023 U.S. Dist. LEXIS 40970 at *2-*8 (D. Utah, March 9, 2023), is on point.  There, a parent who had been arrested for refusing to wear a face covering to school events during the COVID-19 pandemic filed a federal complaint complaining about his arrest and prosecution.  In January 2022, during the ongoing state criminal proceedings, he submitted an amended federal complaint which, due to procedural irregularities, was not deemed filed until August 2022.  However, in July 2022, between the date of the federal complaint's submission and its filing, the parent pled guilty to the state charges. The federal defendants filed a motion to dismiss under FRCP 12(b)(6) and attached dockets of the state court criminal proceedings, including events that had occurred between the submission of the amended federal complaint and the date it was deemed filed.  The parent complained that

4

the judge should not have considered the pre-filing events in deciding the motion to dismiss. The district court held that the post-submission and pre-filing documents could be considered on a Rule 12(b)(6) motion to dismiss and explained:

> [R]ather than allowing judges to 'see the future,' allowing courts to take judicial notice of changes to a docket after the filing of a complaint simply ensures that courts do not use a 'time machine' to decide issues as though they were living in the past. [Citation.] It makes no sense for a court to pretend that the disposition of a case in March 2023 remains the same as it was in January 2022. The court will inevitably have to consider the indisputable facts of Plaintiff's state district court case at some point during this litigation. For the sake of the parties' time and effort, the court chooses to exercise its discretion to consider this evidence at the motion to dismiss stage rather than waiting until summary judgment.

*Brown*, 2023 U.S. Dist. LEXIS 40970 at *4, n. 1. The court granted the motion to dismiss.

Just so in this case. Plaintiffs' federal allegations, made before any conclusion of the ARDC disciplinary investigation, are impacted by the conclusion of that investigation, which occurred four days after the federal complaint's filing. There is no impropriety, much less a sanctionable one, in alerting this Court to the conclusion of the disciplinary investigation about which Plaintiffs worried in their federal complaint. *See Fusari v. Steinberg*, 419 U.S. 379, 391 (1975) (Burger, C. J., concurring) (counsel has "continuing duty to inform the Court of any development which may conceivably affect the outcome" of litigation).

5

For the foregoing reasons, the Defendants ask this Court to deny Plaintiffs' Rule 11 Motion for Sanctions Against Defendants.

                                                                                   Respectfully submitted,

                                                                                   Defendants Attorney Registration and Disciplinary Commission, Lea S. Gutierrez, and Tammy Evans,

By:    /s/ Steven R. Splitt                    /s/ Benjamin L. Boroughf
        Steven R. Splitt, #6202897            Benjamin L. Boroughf, #6317848
        ssplitt@iardc.org                         bboroughf@iardc.org
        Attorney Registration and                Attorney Registration and
        Disciplinary Commission                  Disciplinary Commission
        130 East Randolph Drive, #1500      130 East Randolph Drive, #1500
        Chicago, IL 60601                           Chicago, IL 60601
        (312) 565-2600                               (312) 565-2600

4896-8373-2053, v. 1