IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Children of the Court, a non-profit corporation,** and, **Judiciocracy LLC**  *Plaintiffs,*  v.  **Attorney Registration and Disciplinary Commission, Lea S. Gutierrez, and Tammy Evans, in their official capacities**  *Defendants*. | Case No: 1:25-cv-03387-AMP-GAF  Judge April M. Perry |

**PLAINTIFFS' SECOND MOTION TO SUPPLEMENT THE RECORD WITH JUDICIAL NOTICE OF PERSUASIVE AUTHORITY FROM THE NORTHERN DISTRICT OF ILLINOIS TO PREVENT INCONSISTENT TREATMENT AND THE SECOND CIRCUIT**

TO THE HONORABLE COURT:

COMES NOW Plaintiffs Children of the Court and Judiciocracy LLC, by undersigned counsel and most respectfully states, alleges, and prays as follows:

## I.  INTRODUCTION

1. Plaintiffs filed a Response (ECF #40) to Defendants' Motion to Dismiss (ECF # 28) on June 26, 2025.

2. Defendants filed a Reply on July 18, 2025. ECF # 45.

3. On July 29, 2025 the Court entered an order stating

> "[The Court] assures Plaintiff that the factual allegations in the complaint and reasonable inferences based upon those facts will be viewed in Plaintiff's favor for the purposes of deciding the 12(b)(6) motion."

ECF #50 (July 29, 2025 Minute Order).

1

4.	Subsequent to the Court's July 29, 2025 minute order, several cases touched on *Younger* Abstention and First Amendment limitations to speech in the face of disciplinary bodies' rules and actions.

5.	Plaintiffs requested the Court take judicial notice of those cases to which the Court agreed on September 16th, 2025 in its minute order: "The Court acknowledges receipt of the notice of supplemental authority [51] and will take it into consideration." ECF #53.[1]

6.	The Plaintiffs hereby request the Court take Judicial Notice of the Northern District of Illinois's Judge Jorge L. Alonso's Order of December 4, 2025 in case number 1:25-cv-14662 – specifically ECF#12 and the prior-docket for background.

7.	The undersigned herein declares a true and correct copy of Judge Alonso's ECF #12 attached as an exhibit hereto. ("JUDGE ALONSO ORDER").

8.	This motion requests the Court take notice of the type of relief that can be offered by distinguishing between:

	a.	The Entity Plaintiffs – hereafter "ENTITY(IES)";

	b.	The Entity Plaintiffs' representative (Edward "Coach" Weinhaus") in his representative capacity – hereafter: "REPRESENTATIVE";

	c.	The Individual (Edward "Coach" Weinhaus): hereafter: "INDIVIDUAL"

**II.	The Northern District Judge Alonso's Order's Applicability To the Instant Matter As Persuasive Authority Demonstrating The Distinction Between An Entity, Its Representative in a Representative Capacity, And An Individual**

The matter in front of the Hon. Jorge L. Alonso relates to the ENTITIES and INDIVIDUAL being improperly removed from a Homecoming game in retaliation from his media appearances

---

[1] Those cases were: a) *Richwine v. Matuszak*, No. 24-1081, 2025 U.S. App. LEXIS 22222, 2025 WL 2476656 (7th Cir. Aug. 28, 2025); b) *Upsolve, Inc. v. James*, No. 22-1345, 2025 U.S. App. LEXIS 23187, 2025 WL 2598725 (2d Cir. Sep. 9, 2025).

2

and activism related to school security and the local police department. After Defendant's hastily removed the case from state court the night prior (to avoid an Emergency Temporary Restraining Order), the ENTITIES and INDIVIDUAL filed for an Emergency Preliminary Injunction before the newly-assigned Judge Alonso on December 3, 2025. Judge Alonso heard the matter at 11:30 AM on December 4, 2025, with INDIVIDUAL in person and counsel via telephone. After briefly hearing from counsel, Judge Alonso allowed the parties to settle the matter before him to be able to dismiss the Motion for Preliminary Injunction without Prejudice.

The JUDGE ALONSO ORDER reads:

> "By agreement of the Plaintiffs **[ENTITIES and INDIVIDUAL]** and [Defendants]…, Plaintiff Edward "Coach" Weinhaus's attendance at Highland Park High School's public events, whether individually **[INDIVIDUAL]** or acting as a representative **[REPRESENTATIVE]** of Plaintiffs Children of the Court or Judiciocracy, LLC **[ENTITIES]**, shall be subject to the same conditions and treated in *pari passu* with other custodial parents **[INDIVIDUAL** redress**]** and members of the public **[REPRESENTATIVE** redress**]**.

In it, Judge Alonso is agreeing to enforce different standards, for different entities, depending on the INDIVIDUAL's position with those parties. The INDIVIDUAL has responsibilities, obligations, and rights under the law that are completely separate from those of the ENTITIES even though he works in a REPRESENTATIVE capacity for the ENTITIES.

What is so helpful to this Court is that, without the background noise of the Plaintiffs and Defendants arguing here about this matter, the Court can see a blueprint for two matters squarely before the Court.

1) As to standing and redressability, the Court can see that an order that distinguishes between ENTITIES, INDIVIDUAL, and REPRESENTATIVE would give the ability to address Plaintiffs' requested relief squarely[2]. See ECF #40 pgs. 9, 16-18. This is

---

[2] The Court and the Defendants are the ones who raised the very rule that the ENTITIES likely have rights that run through someone acting in their REPRESENTATIVE capacity as raised in the Response. ECF #39 (raising IRPC Rule

especially true as to whose speech is at question – a matter factually resolvable here. The JUDGE ALONSO ORDER does not make the factual distinction but rather shows that such distinctions are within the power of the Court, which is intended to persuade demonstratively.

2) Likewise, with *Younger Abstention*, the Court is helped even more. Defendants cannot claim the Court must find "unity" between ENTITIES and INDIVIDUAL when the JUDGE ALONSO ORDER shows otherwise. That is, the Court may continue to pursue INDIVIDUAL. In fact, "why not?" argues the Plaintiffs. ECF #40 pgs. 8-9. However, nothing has changed in that *unlike* in the JUDGE ALONSO ORDER, the ENTITIES cannot press their rights in the state court action. Thus, the order should be persuasive at least demonstrably to show why applying Younger Abstention to the ENTITIES would deprive them of *any* venue.

The Plaintiffs understand and respect that the Hon. Judge Jorge L. Alonso may view the differences between ENTITIES, REPRESENTATIVE, and INDIVIDUAL as requiring more exacting distinction than other judges[3]. However, we appeal to the Court's caution in erring towards consistency.

**III.    The Second Circuit's Recent Opinion In *NIFLA v. James* Is Persuasive Authority Relating to Younger Abstention and the Strict Scrutiny Standard For The Speech At Issue In This Matter**

---

8.4, Court pg. 38, Defendants pgs. 41,42); ECF #40 pgs. 7, 14, 15, 17 (Plaintiffs addressing Comment 1 to Rule 8.4(a). Thus, the relief of declaring the speech in question here as that of the Plaintiffs (either as ENTITIES or REPRESENTATIVE which the Court need not determine now) rather than that of the individual gives clear redressability and nearly complete relief.

[3] INDIVIDUAL has been very complimentary of Judge Alonso in other contexts for his exacting approach. Most recently, INDIVIDUAL has boasted of Judge Alonso's careful attention to judicial ethics sorely lacking in the judiciary among judicial reform advocates like ENTITIES. Judge Alonso recused himself from a case involving the Illlinois Judges Association (where one of the very requests for relief was to have IJA-affiliated judges like Judge Alonso recuse themselves from cases involving the IJA).

On December 1, 2025, the Second Circuit Court of Appeals decided an appeal related to a granted Preliminary Injunction in the case: *National Institute of Family & Life Advocates v. James*, No. 24-2481-cv, 2025 U.S. App. LEXIS 31078 (2d Cir. Dec. 1, 2025) ("*NIFLA*" herafter). A copy of the Lexis opinion is attached as Exhibit B.

In *NIFLA*, the Second Circuit tackled a Plaintiff feeling threatened by the regulatory actions of the Defendant against a non-party, which served to chill its speech. The Court's analysis of *Younger Abstention* and the First Amendment the standard to be applied to the non-commercial speech at issue here are both on point and persuasive. Like here, the harm in NIFLA is chilled speech.

**WHEREFORE,** Plaintiffs respectfully pray as follows:

a. The Court take judicial notice of the JUDGE ALONSO ORDER;

b. The Court take judicial notice of *NIFLA*;

c. For such other further relief as is deemed equitable and just.

Dated: December 8, 2025                                   Respectfully Submitted:

*s/ Antonio Valiente*
Antonio Ernesto Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, PR 00901
Tel: (787) 782-9544
Email: lcdoavaliente@live.com

5

## CERTIFICATE OF SERVICE

I, Antonio Ernesto Valiente-Rivera, do hereby certify that I have caused the above to be filed in the Court's ECF system.

Stephen Splitt, Richard Gleason and Benjamin Boroughf
130 East Randolph Drive,
Chicago, Illinois 60601

Defendants' Attorneys.

December 8, 2025

*s/ Antonio Valiente*
Antonio Ernesto Valiente-Rivera
N.D. Ill. Gen. Bar No.: 12326
Torre de La Reina - Suite 203
450 Avenida de La Constitucion
San Juan, PR 00901
Tel: (787) 782-9544
Email: lcdoavaliente@live.com
