IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHILDREN OF THE COURT and JUDICIOCRACY, LLC <br> Plaintiffs, <br> <br> v. <br> <br> ILLINOIS ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, LEA S. GUTIERREZ, and TAMMY EVANS, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:25-cv-03387 <br><br> The Honorable April M. Perry, Judge Presiding. <br><br> Gabriel A. Fuentes, Magistrate Judge. |

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

I. Introduction

On March 30, 2025, Plaintiffs filed a one-count complaint against Defendants the Illinois Attorney Registration and Disciplinary Commission ("ARDC"); Lea S. Gutierrez, the ARDC's Administrator, in her official capacity; and ARDC Senior Counsel Tammy Evans, in her official capacity, alleging that Defendants' disciplinary prosecution of Plaintiffs' "key man," Illinois lawyer Edward Weinhaus, violated Plaintiffs' First Amendment rights. Plaintiffs also filed a motion for preliminary injunction asking this Court to enjoin the Illinois disciplinary proceedings. This Court denied Plaintiffs' motion for a preliminary injunction on May 28, 2025, and dismissed their complaint without prejudice on December 10, 2025, for lack of standing, noting that "[e]ven if Plaintiffs had standing, abstention principles would apply." Doc. 57 at 12. The Court then stated, "To the extent Plaintiffs' counsel believes that he can correct the serious deficiencies noted in this opinion consistent with his Rule 11 obligations, Plaintiffs may file an amended complaint by January 15, 2025 [*sic*]." Doc. 57 at 12.

Plaintiffs filed an amended complaint on January 14, 2026. Doc. 59. Defendants'

492593

arguments as to why Plaintiffs lack standing and why this Court should abstain remain relevant, and Plaintiffs have failed to correct the serious deficiencies noted in this Court's opinion. For the reasons set forth below, the amended complaint should be dismissed with prejudice for lack of standing and under abstention principles.

II. Background of Plaintiffs' Amended Complaint

Plaintiff Children of the Court ("CoC") alleges that it is a Missouri non-profit corporation that helps adults whose parents went through divorces when those adults were children. Doc. 59 at 1, 4-5. Judiciocracy, LLC ("Judiciocracy") alleges that it is a Missouri limited liability company responsible for news publications including *ALABnews* and *AbusiveDiscretion*. Doc. 59 at 1-2, 7. Illinois attorney Edward Weinhaus is alleged by Plaintiffs to be the Plaintiffs' "Executive Director," the volunteer who "lead[s]" CoC, a "member" of CoC and Judiciocracy, Judiciocracy's CEO, an "attorney-agent" for Plaintiffs, Plaintiffs' "executive," and Plaintiffs' "key man." Doc. 59 at 2, 6, 7, 8, 9, 12, 13.

Mr. Weinhaus is currently the subject of a formal disciplinary complaint filed by the ARDC on April 3, 2025. Doc. 29, Ex. 1. The disciplinary complaint alleges that Mr. Weinhaus is the Chief Executive Officer of Judiciocracy and reviews all content before it is published on the *ALABnews* news website. Doc. 29, Ex. 1 at 1.

The disciplinary complaint alleges that Cook County Circuit Court Judge Regina Scannicchio presided over a domestic relations matter involving Mr. Weinhaus and his former spouse between October 7, 2015, and September 23, 2022. Doc. 29, Ex. 1 at 2. The disciplinary complaint further alleges that Mr. Weinhaus settled an unrelated case before Cook County Circuit Court Judge Thaddeus Wilson for the sum of $6,000,000 and that Judge Wilson signed the settlement order. Doc. 29, Ex. 1 at 2. The disciplinary complaint further alleges that Mr.

Weinhaus used that sum of money to create Plaintiff CoC, which advocates that judges who have never been parents or are uninvolved in the foster care system should not make decisions on parental issues in family law cases. Doc. 29, Ex. 1 at 2. The disciplinary complaint further alleges that Mr. Weinhaus, on April 18, 2023, caused a website to be created for CoC that included a webpage entitled "Team" on which he posted a picture of Judge Wilson above the term "Nationwide Enforcer" and a biography that read:

> Although he sits on a bench in Cook County, Illinois, his order has created a national organization, advocating in every state. Judge Wilson is responsible for enforcing the funding of Children of the Court pursuant to his April 18, 2023 order in Cook County.

Doc. 29, Ex. 1 at 2-3.

The disciplinary complaint further alleges that Respondent's statements about Judge Wilson on the website, that he was a nationwide enforcer for CoC and a member of its team, were false; that Mr. Weinhaus knew they were false and caused their placement on the website; and that his statements concerned Judge Wilson's impartiality, and thus his qualifications and integrity, which violates Illinois Rules of Professional Conduct 8.2(a) (a lawyer shall not make a false statement or make a statement with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge) and 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Doc. 29, Ex. 1 at 3-5.

The disciplinary complaint further alleges that, on December 12, 2023, Mr. Weinhaus caused an article to be posted on the *ALABnews* website titled, "Breaking: Dastardly Chicago Divorce Attorneys Hurst Robin Kay & Allen Have Own Client Thrown in Jail According to Legal News Journal." Doc. 29, Ex. 1 at 3. The disciplinary complaint further alleges that the article included the following statement:

> In an unprecedented "slam" on a fellow judge, another Cook

3

> County judge and leader the Hon. Thaddeus L. Wilson immediately ordered an organization be started to keep judges like [Judge Regina] Scannicchio away from cases involving children.

Doc. 29, Ex. 1 at 3. The disciplinary complaint alleges that Respondent made the above statement and that it violates Illinois Rules of Professional Conduct 8.2(a) and 8.4(c) because Judge Wilson did not immediately order an organization be started to take any action against Judge Scannicchio, Judge Wilson did not order any organization to take action against Judge Scannicchio or any other judge, Judge Wilson has no involvement in CoC, Mr. Weinhaus made the statement knowing that it was false or made it with reckless disregard for its truth or falsity, and the statement concerns the qualifications and integrity of Judges Wilson and Scannicchio. Doc. 29, Ex. 1 at 3-4.

The disciplinary proceedings against Mr. Weinhaus are currently pending before the ARDC's Hearing Board, which conducts evidentiary hearings and makes findings of fact, conclusions of law, and a recommendation for discipline or dismissal of the complaint. *See* Ill. S. Ct. R. 753(c)(3).

Plaintiffs allege that, by virtue of Defendants' prosecuting Mr. Weinhaus for the specific statements outlined above, Defendants are impairing Plaintiffs' ability to operate, in violation of the First Amendment. Doc. 59 at 34-37.

### III.   Argument

A.   Plaintiffs Lack Standing to Complain About the ARDC's Prosecutorial Discretion

In dismissing Plaintiffs' original complaint, this Court held that Plaintiffs lacked standing for two reasons: First, Plaintiffs could claim only an indirect injury resulting from the ARDC's prosecution of Mr. Weinhaus, and such indirect injury was not legally cognizable. Doc. 57 at 7-8, *citing Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013); *Linda R.S. v. Richard D.*,

4

410 U.S. 614, 619 (1973); *Del Marcelle v. Crown Cnty. Corp.* 680 F.3d 887, 901 (7th Cir. 2012). Second, Plaintiffs' claimed injury was caused not by the ARDC's decision to prosecute Ms. Weinhaus but by Mr. Weinhaus' decision to stop doing certain work for Plaintiffs, and Plaintiffs did not allege that the ARDC required Mr. Weinhaus to stop working for Plaintiffs or that he would return to work for Plaintiffs if the ARDC complaint were dismissed. Doc. 57 at 8-10; *citing Cabral v. City of Evansville, Ind.*, 759 F.3d 639, 642 (7th Cir. 2014); *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989).

Plaintiffs have now alleged that "[i]f the Defendants were to provide the declaratory and/or injunctive relief requested herein, Mr. Weinhaus would return in full capacity to the Plaintiffs." Doc. 59 at 34 ¶ 151. However, Plaintiffs have not cured, and cannot cure, the initial standing defect identified by this Court, because they have no legally cognizable interest in the prosecution of Mr. Weinhaus, and they have failed to demonstrate any concrete injury from Defendants' actions. This Court should, therefore, dismiss Plaintiffs' amended complaint pursuant to Rule 12(b)(1) for lack of standing. *See Stubenfield v. Chi. Hous. Auth.*, 6 F. Supp. 3d 779, 782 (N.D. Ill. 2013) ("Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a claim based on lack of subject matter jurisdiction, including lack of standing.")

The need for a litigant to have standing to invoke the jurisdiction of the federal courts is a requirement of constitutional and jurisdictional dimension. *Allen v. Wright*, 468 U.S. 737, 750-52 (1984). For standing to exist, the plaintiff must demonstrate an "injury in fact," meaning "an invasion of a legally protected interest which is concrete and particularized, and actual and imminent," a causal connection between the injury and the conduct complained of, and that the injury likely will be redressed by the requested relief. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). Each element "must be supported by more than unadorned speculation."

5

*Plotkin v. Ryan*, 239 F.3d 882, 885 (7th Cir. 2001). "It is not enough that [plaintiff] claims to have been injured by the defendant's conduct"; instead, "[t]he alleged injury must be legally and judicially cognizable." *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 753 (7th Cir. 2007). The requirement of standing is not excused in actions seeking declaratory or injunctive relief. *See Geisha, LLC v. Tuccillo*, 525 F. Supp. 2d 1002, 1009-10 (N.D. Ill. 2007); and *Pomozal v. City of Highland Park*, No. 00 C 7472, 2003 U.S. Dist. LEXIS 26052, at *32-33 (N.D. Ill. Mar. 7, 2003).

Plaintiffs complain about the ARDC's prosecution of Mr. Weinhaus, and "the loss of access to their key man[]," as the basis of their purported injury. Doc. 59 at 28, 35. They ask this Court to essentially enjoin the ARDC from prosecuting Weinhaus by requesting that it issue an injunction preventing Defendants "from engaging in further unconstitutional conduct by attacking attorneys who advise organizations who conduct Judicial Reform" and by "[e]njoining Defendants from removing protections of the Illinois Rules of Professional Conduct for Plaintiffs' attorneys for advising its clients[.]" Doc. 59 at 37.

However, it is a matter of clearly established law that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution," and that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Judge Easterbrook noted that *Linda R.S.*'s holding "is a limit on standing; *Linda R.S.* holds that there is no justiciable controversy, which knocks out *all* substantive legal theories," and that the plaintiff in that case "needs to show how he was injured by what the defendants did to him, rather than by what they didn't do to other people or what they didn't do *for* him." *Del Marcelle v. Brown County Corp*, 680 F.3d 887, 901 (7th Cir. 2012) (Chief Judge Easterbrook concurring –

6

emphasis in original). *See also Manning v. Mun. Ct. of Roxbury Dist.*, 361 N.E.2d 1274, 1276-77 (Mass. 1977) ("The plaintiff has no constitutional right to direct the conduct of a public prosecutor.").

More specifically, courts that have addressed the issue have uniformly concluded that a member of the public has no standing to challenge an attorney disciplinary agency's decision regarding whether to prosecute an attorney. *See, e.g., Peterson v. U.S.*, No. 02 C 5996, 2002 U.S. Dist. LEXIS 19247 (N.D. Ill. Oct. 3, 2002) (plaintiff was not entitled to any order compelling investigations by the ARDC); *Smith v. Shook*, 237 F.3d 1322, 1324-25 (11th Cir. 2001) (plaintiff lacked standing to challenge State Bar Deputy General Counsel's decision not to prosecute plaintiff's former attorney). As Plaintiffs are not the subject of the disciplinary complaint, they have no cognizable interest in the outcome of the disciplinary proceedings. Accordingly, Plaintiffs lack standing to seek an injunction against the ARDC's prosecution of Mr. Weinhaus.

Plaintiffs also lack standing under the Declaratory Judgment Act, because Plaintiffs and Defendants do not have adverse legal interests. The Declaratory Judgment Act provides that "[i]n a *case of actual controversy* within its jurisdiction," a district court "*may declare* the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Because "it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action." *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990) Consequently, "the Act does not allow a stranger to intended litigation to use a declaratory

judgment action as a vehicle to create a cause of action for which it has no legal liability." *Collin Cty.*, 915 F.2d at 172.

There are no adverse legal interests here between Plaintiffs and Defendants. As the disciplinary complaint clearly demonstrates, the ARDC's proceedings have not been brought against Plaintiffs, nor could they have been since Plaintiffs are non-lawyer entities and the Rules of Professional Conduct apply only to lawyers. Permitting Plaintiffs' declaratory judgment claim to proceed would, in effect, permit Mr. Weinhaus to obtain a determination of the validity of a potential defense in his pending disciplinary matter. That is not the purpose of the Declaratory Judgment Act. *See Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969). This Court should therefore dismiss Plaintiff's amended complaint with prejudice.

Nor should Plaintiffs avoid dismissal of their amended complaint by raising unsupported allegations that the ARDC is prosecuting Mr. Weinhaus for giving legal advice to Plaintiffs. Doc. 59 at 15. Nowhere in the ARDC's complaint does the ARDC allege that Mr. Weinhaus engaged in misconduct by giving legal advice to Plaintiffs or that Mr. Weinhaus engaged in conduct in violation of Rule 8.4(a) (which prohibits a lawyer from violating the Rules of Professional Conduct through the acts of another). *See* Doc. 29, Ex. 1. Nor would the ARDC level those allegations, because such allegations would presume that Mr. Weinhaus did not make the statements at issue and the ARDC's disciplinary complaint plainly alleges that Mr. Weinhaus made false statements impugning the integrity of two judges.

Accordingly, Plaintiffs' allegations that the ARDC is prosecuting Mr. Weinhaus for advising Plaintiffs is based on a non-event and amounts to mere speculation, and their request for injunctive relief amounts to asking this Court to render an advisory opinion. It is well-established that "federal courts may not render advisory opinions on abstract legal questions."

*Devine v. Robinson*, 131 F. Supp. 2d 963, 968 (N.D. Ill. 2001). If a case involves uncertain or contingent events that may not occur as anticipated or may not occur at all, or involves hypothetical or speculative disputes, then the case should be dismissed. *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008) ("[R]ipeness, when it implicates the possibility of [a court's] issuing an advisory opinion, is a question of subject matter jurisdiction"). In sum, Plaintiffs' amended complaint should be dismissed with prejudice for lack of standing.

B.  Abstention Is Appropriate Here

In dismissing Plaintiffs' original complaint, this Court also held that, even if Plaintiffs had established standing, it would dismiss the case on abstention grounds because granting the relief sought would "greatly offend the principles of comity and federalism," and Plaintiffs did not adequately plead any bad faith by the ARDC. Doc. 57 at 10-12, *citing SKS & Associates v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010); *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021); *Middlesex Cnty. Ethics Comm'n. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Collins v. Kendall Cnty. Ill.*, 807 F.2d 95, 98 (7th Cir. 1986). Plaintiffs have failed to cure these deficiencies.

The United States Supreme Court has made clear that a federal court appropriately abstains from interfering with an ongoing state matter where the matter is a judicial proceeding, where the proceeding implicates important state interests, and where the state affords an adequate opportunity to raise constitutional challenges. *Middlesex Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). Once these three conditions are met, "abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). Even if a federal plaintiff is not a defendant in the state court proceedings, abstention is still appropriate when the principles of

9

equity, comity, and federalism are implicated in the case. *SKS & Assoc. v. Dart*, 619 F.3d 674 (7th Cir. 2010). When a plaintiff comes to federal court with a constitutional claim for equitable relief that seeks to have the federal court tell a state court how it should manage its case adjudication, a decision in federal court would "run contrary to the 'vital' considerations of comity and federalism and would be inconsistent with 'the traditional reluctance of a federal court to meddle in state court proceedings.'" *SKS & Assoc.*, 619 F.3d at 679, *quoting New Orlean Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364, and *Pugach v. Dollinger*, 365 U.S. 458, 462 (1961).

It is well established that an Illinois attorney disciplinary proceedings are judicial proceedings and that important state interests are implicated by such proceedings. *See Storment v. O'Malley*, 938 F.2d 86, 89 (7th Cir. 1991) ("Given the elaborate procedure established by the Illinois Supreme Court for disciplining attorneys, including extensive hearings and review by the supreme court, [Illinois attorney disciplinary] proceedings are clearly judicial in nature."); *Levin v. ARDC*, 74 F.3d 763, 766 (7th Cir. 1996); *Greening v. Moran*, 953 F.2d 301, 304 (7th Cir. 1992); *Middlesex*, 457 U.S. at 433-34 (finding it "clear beyond doubt" that state supreme court's attorney discipline processes and procedures are "judicial in nature").

Moreover, it is incontrovertible that Illinois attorney disciplinary proceedings involve an important state interest. "Illinois, like all states, has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses . . . regardless of the scope of the federal suit which seeks to enjoin the state proceedings." *Storment*, 938 F.2d at 89.

Further still, "[c]ase law clearly establishes that an attorney may challenge the constitutionality of ARDC disciplinary proceedings within the proceedings themselves, before

10

the Illinois Supreme Court and ultimately by the United States Supreme Court." *Cleveland v. ARDC*, No. 95 C 5775, 1996 U.S. Dist. LEXIS 13198 at *13 (N.D. Ill. Sep. 5, 1996), *citing In re Samuels*, 126 Ill. 2d 509, 523-24 (1989). The Illinois Supreme Court rules pertaining to attorney disciplinary proceedings also provide a respondent in a disciplinary proceeding with the ability to raise any constitutional challenges. *Peterson v. United States*, No. 02 C 5996, 2003 U.S. Dist. LEXIS 15299 at *9 (N.D. Ill. Aug. 28, 2003). Not only can a respondent raise constitutional challenges during the hearing phase of a disciplinary matter, but once the ARDC's Hearing Board files a report and recommendation, the respondent may raise constitutional challenges to the Hearing Board's decision before the ARDC's Review Board and, after that, before the Illinois Supreme Court on exceptions to the Review Board's report and recommendation. The fact that "review by the Illinois Supreme Court is discretionary or unsuccessful does not mean that" a respondent has not been afforded an opportunity to present his or her constitutional challenges. *Peterson*, at *9. *See also Hunter v. Va. State Bar*, 786 F. Supp. 2d 1107 (E.D. Va. 2011) (federal court abstained from intervening in pending state bar disciplinary hearing and dismissed federal case attorney brought against Virginia State Bar, which had filed disciplinary complaint against attorney for failing to post disclaimer on law firm website; attorney alleged in federal court that disclaimer violated his First Amendment rights and asked federal court to enjoin pending disciplinary hearing).

In the pending disciplinary proceeding, Mr. Weinhaus has the opportunity to raise any defense against the charges that he chooses, including any constitutional challenges or disputing his responsibility for the statements that are the subject of the disciplinary complaint. In fact, in his answer to the disciplinary complaint, Mr. Weinhaus raised the same issues Plaintiffs have raised before this Court: that the statements at issue in the disciplinary complaint are that of CoC

11

and Judiciocracy, that "[t]he speech was not his speech, but the entities' speech," that the ARDC "is attempting to stop an officer, director, and attorney to fulfill his duties to the entities herein," that "[p]unishing the entities' attorney for their speech limits their speech," that the ARDC's pursuit of the allegations of misconduct "is an overreach of authority and a violation of the Constitutional protection of free speech," and that the ARDC is seeking to interfere with CoC's and Judiciocracy's rights to associate with attorneys. Ex. 1 at 21-23.[1]

Because Mr. Weinhaus has raised the same or similar challenges to the disciplinary proceedings as Plaintiffs raise before this Court, this Court should let the Illinois attorney disciplinary proceedings resolve those challenges. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (when constitutional challenge "relate[s] to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand"). Under these circumstances, abstention is appropriate and warranted here.

Moreover, by asking this Court to find that the alleged false statements are not Mr. Weinhaus' speech but should, instead, be attributed to Plaintiffs (an important issue in the disciplinary proceedings), and by seeking to have this Court enjoin the ARDC from prosecuting the allegations of attorney misconduct against Mr. Weinhaus, Plaintiffs are asking this Court to directly inject itself into the ongoing Illinois attorney disciplinary proceedings against Mr. Weinhaus, obstruct the fact-finding process in those proceedings, and potentially affect the Illinois Supreme Court's vital interests in maintaining the integrity of the legal profession in Illinois. Attempting a direct attack on a state disciplinary prosecution warrants abstention.

---

[1] This Court should take judicial notice of Mr. Weinhaus' answer to the disciplinary complaint, as the Court has taken judicial notice of the disciplinary complaint in these proceedings. *See* Doc. 57 at 1, n. 1.

In an attempt to avoid dismissal, Plaintiffs allege that they "are not permitted to intervene in nor otherwise appear in support of their Executive Director in any related state proceedings." Doc. 59 at 2. Plaintiff's allegation is conclusory and incorrect. *See Towada Audio Co. v. Aiwa Corp.*, No. 18-cv-4397, 2019 U.S. Dist. LEXIS 41348, at *7 (N.D. Ill. Mar. 14, 2019) ("Merely conclusory assertions and statements of law, however, need not be accepted as true.") "Abstention is proper 'unless state law clearly bars the interposition of the constitutional claims.'" *Sterns v. Lundberg*, 922 F. Supp. 164, 168 (S.D. Ind. 1996). "'The burden on this point rests on the federal plaintiff[s] to show that state procedural law barred presentation of [their] claims.'" *Sterns*, 922 F. Supp. at 169, *quoting Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987).

Plaintiffs cite to no rule that would prohibit them from attempting to raise their constitutional arguments in state court or in the attorney disciplinary proceedings. Illinois Supreme Court Rule 383 permits litigants to file a motion for supervisory order with the Illinois Supreme Court. Plaintiffs could also seek leave to file an *amicus curiae* brief raising their constitutional arguments in support of Mr. Weinhaus if the disciplinary case proceeds before the ARDC's Review Board or the Illinois Supreme Court. *See* Ill. S. Ct. R. 345 (regarding amicus briefs).

Finally, Plaintiffs have not made an adequate showing of bad faith so as to avoid dismissal of their amended complaint on abstention grounds. The bad faith exception to *Younger* abstention requires Plaintiffs to plead facts demonstrating that "state officials are using or threatening to use prosecutions, regardless of their outcome, as instrumentalities for the suppression of speech." *Collins v. Cty. of Kendall*, 807 F.2d 95, 101 (7th Cir. 1986). "[T]o trigger the bad faith exception, a plaintiff must proffer 'specific evidence from which it can be

inferred that state officials have been enforcing [a] statute against [him] in bad faith and for purposes of harassment.'" *Berrada Props. Mgmt. Inc. v. Romanski*, 608 F. Supp. 3d 746, 753 (E.D. Wis. 2022). Conclusory allegations and those "grounded in a subjective sense of aggrievement" are not sufficient to trigger the bad faith exception. *Id*., at 754.

Here, Plaintiffs fail to offer any indication of bad faith on the part of the ARDC in prosecuting Mr. Weinhaus. Plaintiffs cite several times from a sworn statement in which Mr. Weinhaus participated prior to the ARDC filing its disciplinary complaint against him – a document that Plaintiffs cited to in their original complaint and in their response to the Defendants' motion to dismiss their original complaint. Plaintiffs' reliance on the sworn statement does not demonstrate bad faith, in part because a presumption of validity attaches to the action of a state agency, *Colo. Health Care Ass'n v. Colo. Dept. of Social Services*, 842 F.2d 1158, 1164 (10th Cir. 1988), and a state prosecutor's decision to prosecute is afforded a presumption of regularity. *Gomez v. Schneiter*, No. 05-C-184-C, 2005 U.S. Dist. LEXIS 20236 at *24-*25 (W.D. Wis. Sept. 15, 2005), *citing U.S. v. Armstrong*, 517 U.S. 456, 464 (1996).

Plaintiffs allege that certain exchanges between ARDC senior counsel Evans and Mr. Weinhaus during the sworn statement "serve as party admissions" and demonstrate "an admission of unconstitutional intent and behavior of restricting free speech and associational rights" and that "the speech is truthful" and "is the speech of the entities." Doc. 59 at 22-23. However, "judicial admissions are 'any 'deliberate, clear and unequivocal' statement, either written or oral, made in the course of judicial proceedings.'" *McCaskill v. SCI Mgmt. Corp.* 298 F.3d 677, 680 (7th Cir. 2002), *quoting In re Lefkas Gen. Partners*, 153 B.R. 804, 807 (N.D. Ill. 1993), *quoting In re Corland Corp.*, 967 F.2d 1069, 1074 (5th Cir. 1992). It would seem clear that Ms. Evans saying "Okay" and "I understand that" during the investigatory sworn statement

14

of Mr. Weinhaus do not qualify as admissions of any sort – they were nothing more than conversational prompts or statements that Ms. Evans understood what Mr. Weinhaus was saying, not deliberate, clear and unequivocal statements or statements of Ms. Evans' agreement with the things Mr. Weinhaus was saying. At any rate, pursuant to *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) (emphasis in original), "a statement made in one lawsuit cannot be a judicial admission in another"; "[i]t can be *evidence* in the other lawsuit, but no more." Accordingly, nothing Ms. Evans said during the sworn statement is an admission in this proceeding, and her statements do not establish any bad faith motivation for bringing the disciplinary action against Mr. Weinhaus.

## IV. Conclusion

Defendants continue to submit that Plaintiffs' lawsuit is an attempt by their "key man," Mr. Weinhaus, to derail his disciplinary proceedings. The ARDC has never sought to stop the Plaintiffs from advocating for what they feel would be a fairer Illinois judiciary, and it acknowledges that it has no power to do so. For the reasons set forth above, Defendants ask that this Court dismiss Plaintiffs' first amended complaint with prejudice.

Respectfully submitted,

Defendants Attorney Registration and Disciplinary Commission, Lea S. Gutierrez, and Tammy Evans,

By: /s/ Steven R. Splitt
Steven R. Splitt, #6202897
ssplitt@iardc.org
Attorney Registration and
Disciplinary Commission
130 East Randolph Drive, #1500
Chicago, IL 60601
(312) 565-2600

/s/ Benjamin L. Boroughf
Benjamin L. Boroughf, #6317848
bboroughf@iardc.org
Attorney Registration and
Disciplinary Commission
130 East Randolph Drive, #1500
Chicago, IL 60601
(312) 565-2600

4896-2748-5576, v. 1

15