IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHILDREN OF THE COURT and JUDICIOCRACY, LLC, | ) ) | No. 1:25-cv-03387 |
| Plaintiffs, | ) | |
| | ) | The Honorable |
| v. | ) | April M. Perry, |
| | ) | Judge Presiding. |
| ILLINOIS ATTORNEY REGISTRATION | ) | |
| AND DISCIPLINARY COMMISSION, LEA S. | ) | Gabriel A. Fuentes, |
| GUTIERREZ, and TAMMY EVANS, | ) | Magistrate Judge. |
| Defendants. | ) | |

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST-AMENDED COMPLAINT

Following this Court's dismissal of Plaintiffs' initial complaint on standing and abstention grounds, Plaintiffs filed a first-amended one-count complaint against Defendants the Illinois Attorney Registration and Disciplinary Commission ("ARDC"); Lea S. Gutierrez, the ARDC's Administrator, in her official capacity; and ARDC Senior Counsel Tammy Evans, in her official capacity, alleging that Defendants' disciplinary prosecution of Plaintiffs' "key man," Illinois lawyer Edward Weinhaus, is impairing Plaintiffs' ability to operate, in violation of the First Amendment.

On February 5, 2026, Defendants filed a motion to dismiss Plaintiff's first-amended complaint with prejudice. Plaintiffs have filed their response to Defendants' motion to dismiss, and Defendants hereby file their reply.

A. Introductory Note

The gravamen of the ARDC's disciplinary complaint against Mr. Weinhaus is that he, not Plaintiffs, is responsible for the statements outlined in the ARDC complaint allegedly impugning various judges' integrity. Plaintiffs' posture before this Court is that the statements at issue in

the ARDC proceedings categorically are their speech and must not be attributed to Mr. Weinhaus. This disputed factual issue is at the center of the ARDC proceedings. Plaintiffs have given this Court no reason why it should decide this issue, in contravention of established abstention principles. Nor have Plaintiffs established that they have standing to ask this Court to resolve this factual issue.

B.      Plaintiffs Lack Standing to Complain About the ARDC's Prosecutorial Discretion

Plaintiffs' complaint should be dismissed with prejudice, because they have not established that they have standing to enjoin the ARDC from continuing to prosecute Mr. Weinhaus for allegations of attorney misconduct or to have this Court decide a disputed issue in the ARDC proceedings.

Plaintiffs have failed to refute the Defendants' argument that they lack standing to ask this Court to bar the ARDC from prosecuting allegations that Mr. Weinhaus engaged in professional misconduct. As in their response to Defendants' motion to dismiss their initial complaint, Plaintiffs, again, attempt to argue that the case of *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) is inapposite because "[t]hat case involved a private citizen seeking to compel a third party's prosecution." (Doc. #40 at 17, n. 7; *See* Doc. #65 at 4) (emphasis original). This Court should note that *Linda R.S.* states that "a private citizen lacks a judicially cognizable interest in the prosecution *or non-prosecution* of another." *Linda R.S.*, 410 U.S. at 619 (1973) (emphasis added). So the fact that Plaintiffs are attempting to halt a prosecution rather than compel one is irrelevant.

Plaintiffs argue that "[t]hey are organizations whose *own* constitutional rights have been directly violated by Defendants' decision to prosecute their attorney for *Plaintiffs'* speech." Doc. #65 at 4 (emphasis in original). Setting aside the wholly conclusory nature of Plaintiff's

2

argument that the speech at issue in the disciplinary complaint is theirs, Plaintiffs' argument continues to miss the mark by ignoring the well-established principle that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S.*, 410 U.S. at 619.

This is so because the direct, distinct, and palpable injury plainly falls on the attorney who is the subject of the disciplinary complaint, not on others. *See United States v. Grundhoefer*, 916 F.2d 788, 791 (2d Cir. 1990) ("The direct, distinct and palpable injury in a criminal sentencing proceeding plainly falls only on the defendant who is being sentenced.") Thus, "'[t]he upshot of *Linda R.S.* * * * is that the interest in the just administration of the laws * * * is presumptively deemed nonjusticiable even if invoked by persons with something beyond a generalized bystander's concern.'" *Lefebure v. D'Aquilla*, 15 F.4th 650, 657 (5th Cir. 2021) (citation omitted). Because Plaintiffs are not being prosecuted by the ARDC or being threatened with prosecution, they lack standing to contest the ARDC's prosecution of Mr. Weinhaus.

The decision to prosecute or not to prosecute a member of the Illinois bar is the function of the ARDC, as the Illinois Supreme Court's agent administrating the Court's disciplinary system. To grant Plaintiffs' requested relief to enjoin the ARDC from prosecuting Mr. Weinhaus for allegations that he engaged in professional misconduct would be tantamount to allowing Plaintiffs to effectively commandeer the discretion of the ARDC to prosecute Mr. Weinhaus. Plaintiffs have cited no case that would grant a private citizen or entity such an interest in the prosecution of another. Granting Plaintiffs' requested relief would also entail expansive federal judicial direction over the ARDC's (and Illinois Supreme Court's) discretionary policies. That would likely result in future federal court complaints from law firms or others claiming to be affected by attorney disciplinary proceedings, who would seek to prevent attorneys from being

disciplined, effectively undermining the Illinois Supreme Court's state constitutional power over the practice of law in Illinois. Accordingly, Plaintiffs lack standing and their complaint should be dismissed.

Plaintiffs attempt to avoid dismissal of their amended complaint by arguing that they have third-party standing. Doc. #65 at 4 7. Plaintiffs' argument is unavailing. In dismissing Plaintiffs' initial complaint, this Court noted that they had raised the issue of third-party standing but, fatally, had not asserted that "Weinhaus is unable to protect his own interests, a key requirement of third-party standing." Doc. #57 at 7, n. 3. This Court further determined that Plaintiffs could not make such a showing, "given that Weinhaus is afforded the power to raise First Amendment claims before the ARDC, and to appeal through the courts." Doc. #57 at 7, n. 3. This Court granted Plaintiffs the ability to amend their complaint "to the extent Plaintiffs' counsel believes that he can correct the serious deficiencies noted" in the Court's order. Doc. #57 at 12. Despite that, Plaintiffs have failed to make any allegation in their amended complaint that Weinhaus could not protect his own interests.

Rather, Plaintiffs set forth the unsupported conclusion in their amended complaint that "Mr. Weinhaus cannot adequately represent the interests of the Plaintiffs in his state proceeding." Doc. #59 at ¶ 139; *see also* Doc. #65 at 7 (Plaintiffs similarly alleging that "Mr. Weinhaus is hindered from protecting Plaintiffs' interests.") This is not the correct standard for third-party standing. Plaintiffs "must demonstrate some obstacle to the third parties' ability to vindicate their own rights." *In re Sweports, Ltd.*, 476 B.R. 540, 544, n. 5 (Bankr. N.D. Ill. 2012). They have not demonstrated such, nor could they, because Mr. Weinhaus did file an answer and affirmative defenses in his attorney disciplinary matter raising constitutional arguments. Plaintiffs' claim of third-party standing should fail.

4

C.     Abstention is Appropriate Here

Even if this Court were to determine that Plaintiffs have standing to enjoin the ARDC from continuing to prosecute Mr. Weinhaus for allegations of attorney misconduct or to have this Court decide a disputed issue in the ARDC proceedings, this Court should abstain.

In dismissing Plaintiff's initial complaint, this Court noted the relevance of the Seventh Circuit's decision in *SKS & Assocs. v. Dart*, 619 F.3d 674 (7th Cir. 2010), recognizing that although "the specific requirements of *Younger* abstention were not met, the Seventh Circuit found that abstention was appropriate because the federal suit asked the federal court to manage and supervise a state suit and because the plaintiff had failed to show that an adequate remedy in state law was lacking." Doc. #57 at 10-11. This Court concluded that "even when the traditional requirements of *Younger* are not present," a court may still abstain "if the court is being asked to disrupt and interfere with state court proceedings, and the level of intrusion sought is 'simply too high.'" Doc. #57 at 11, *quoting J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021).

Plaintiffs are seeking to have this Court directly inject itself into a pending ARDC proceeding by not only deciding a hotly-disputed issue in that proceeding, but enjoining that proceeding. Any argument by Plaintiffs (*see* Doc. #65 at 12-13) that the pending ARDC proceeding would not be impacted if this Court were to declare that the statements at issue in that proceeding are Plaintiffs' and not Mr. Weinhaus' simply strains credulity. In the event this Court granted that relief, Mr. Weinhaus would no doubt attempt to use that finding in his disciplinary proceeding, potentially affecting the Illinois Supreme Court's authority over the legal profession in Illinois. This is so because Mr. Weinhaus raised as affirmative defenses in his disciplinary proceeding the majority of the issues Plaintiffs raised in this case: that the statements at issue in the disciplinary complaint are that of Children of the Court and Judiciocracy, that

5

"[t]he speech was not his speech, but the entities' speech," that the ARDC "is attempting to stop an officer, director, and attorney to fulfill his duties to the entities herein," that "[p]unishing the entities' attorney for their speech limits their speech," that the ARDC's pursuit of the allegations of misconduct "is an overreach of authority and a violation of the Constitutional protection of free speech," and that the ARDC is seeking to interfere with Plaintiffs' rights to associate with attorneys. Doc. #64, Ex. 1 at 21-23.

This Court also noted, importantly, that granting the relief Plaintiffs sought "would greatly offend the principles of comity and federalism." Doc. #57 at 11. Plaintiffs do not address the ideas or comity and federalism except to illogically claim that a decision by this Court that the speech at issue in the ARDC's disciplinary complaint is Plaintiffs' speech would not impact the disciplinary proceeding. Doc. #65 at 12. One would be naive to think that Mr. Weinhaus would not immediately file any such decision in the disciplinary proceeding and argue that the Hearing Board was foreclosed from deciding it.

Plaintiffs have possible avenues of relief in Illinois. They can seek a supervisory order from the Illinois Supreme Court pursuant to Illinois Supreme Court Rule 383, or they could file an amicus brief pursuant to Illinois Supreme Court Rule 345 should the disciplinary case wind up before the Supreme Court of Illinois following the ARDC's administrative process. (See Ill. S.Ct. Rule 753). In response, Plaintiffs assert that "[a] supervisory order under Rule 383 is both extraordinary and discretionary" and that "[a]micus status is not party status." Doc. #64 at 12. Plaintiffs' conclusory arguments, though, cannot avoid dismissal on abstention grounds, because they have not demonstrated that Illinois procedural laws clearly bar the presentation of their claims and because those rules still permit Plaintiffs to make their arguments. Plaintiffs have failed to demonstrate that they are prohibited from raising their claims in state court. As such,

the Seventh Circuit's decision in *SKS* strongly supports abstention here.

Further, Plaintiffs' claim that the Defendants have engaged in bad faith is unavailing. Plaintiffs have failed to demonstrate that the Defendants have initiated disciplinary proceedings against Weinhaus without a reasonable expectation of obtaining a finding of misconduct. *See Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993) (stating, "bad faith 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction'"). Rather, by taking Mr. Weinhaus' sworn statement and by filing a complaint with the Hearing Board after the ARDC's Inquiry Board voted to file the complaint, the Defendants have proceeded in an orderly approach to evaluate charges that Mr. Weinhaus has engaged in misconduct and to request the Supreme Court to discipline him if he is found to have engaged in misconduct. *See Sekerez v. Sup. Ct. of Ind.*, 685 F.2d 202, 208-209 (7th Cir. 1982) (rejecting plaintiff's bad faith argument). Indeed, the Illinois Supreme Court has disciplined many lawyers for making false or reckless statements about judges' integrity. Thus, Plaintiffs' bad faith argument should fail. *See Sterns v. Lundberg*, 922 F. Supp. 164, 169 (S.D. Ind. 1996) (rejecting attorneys' argument that Indiana Disciplinary Commission was acting in bad faith against them, concluding that "the Commission's attempt to subject out-of-state lawyers who solicit Indiana citizens to this state's disciplinary rules is not foreclosed by existing caselaw and might even constitute an important case of first impression.")

For similar reasons, Plaintiffs' argument that the "Defendants' actions are 'flagrantly and patently violative of express constitutional prohibitions'" (Doc. #65 at 15) lacks merit. For this narrow exception to abstention to apply, the statute or rule at issue must be "'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" *Stroman*

*Realty, Inc. v. Grillo*, 438 F. Supp. 2d 929, 936 (N.D. Ill. 2006). That is clearly not the case here.

The ARDC's disciplinary complaint alleges, very narrowly, that Mr. Weinhaus made, or caused to be made, certain false statements about certain judges' integrity knowing those statements were false or with reckless disregard as to their truth or falsity. "It is well established that statements critical of public officials that are made 'with knowledge of their falsity or in reckless disregard of whether they are true or false' are not protected by" the First Amendment. *Notopoulos v. Statewide Grievance Comm'n*, 890 A.2d 509, 519 (Conn. 2006), *quoting Garrison v. Louisiana*, 379 U.S. 64, 78 (1964). The way that a state successfully navigates the competing interests of an attorney's right to free political speech and a state's right to regulate attorney conduct is by prohibiting attorneys from making false statements with knowledge of their falsity or with reckless disregard of the truth. *Dowling v. Ala. State Bar*, 539 So.2d 149 (Ala. 1988). *See also In re Palmisano*, 70 F.3d 483, 487 (7th Cir. 1995) ("the Constitution does not give attorneys the same freedom as participants in political debate"). Illinois attorneys routinely have been unsuccessful in their attempts to use the First Amendment to avoid discipline for making false statements about judges. *See e.g., In re Duebbert*, 2013PR00127 (Review Bd., May 18, 2015) at 7-8, *recommendation adopted*, No. M.R. 27475 (Sept. 21, 2015) (attorney's false statements in judicial campaign flyer not protected by First Amendment); *In re Lowery*, 2020PR00018 (Review Bd., Oct. 13, 2022) at 16-23, *recommendation adopted*, No. M.R. 031506 (Jan. 17, 2023) (attorney's false statements about judge in telephone conversation with customer service representative of website hosting company not protected by First Amendment).

The ARDC is prosecuting Mr. Weinhaus for making allegedly false statements about certain judges' integrity – speech that enjoys no constitutional protection. The Rules of Professional Conduct at issue are not patently violative of constitutional prohibitions, and,

therefore, the place to litigate whether Mr. Weinhaus' statements were false, and whether he is responsible for having made them, is before the ARDC's Hearing Board.

D.     Conclusion

For the reasons set forth in Defendants' motion to dismiss and memorandum in support thereof, and in this reply in support of that motion, the Defendants ask that this Court dismiss Plaintiffs' complaint with prejudice and deny any opportunity to amend their complaint.

Respectfully submitted,

Defendants Attorney Registration and Disciplinary Commission, Lea S. Gutierrez, and Tammy Evans,

By:     /s/ Steven R. Splitt_____
Steven R. Splitt, #6202897
ssplitt@iardc.org
Attorney Registration and
Disciplinary Commission
130 East Randolph Drive, #1500
Chicago, IL  60601
(312) 565-2600

/s/ Benjamin L. Boroughf_____
Benjamin L. Boroughf, #6317848
bboroughf@iardc.org
Attorney Registration and
Disciplinary Commission
130 East Randolph Drive, #1500
Chicago, IL  60601
(312) 565-2600

4924-5929-0004, v. 1

9